## 54087. HAYGOOD v. THE STATE.

WEBB, Judge.

Alton Haygood appeals his conviction and sentence of ten years imprisonment for aggravated assault.

1. Haygood asserts that he was denied a fair and impartial trial because the trial judge on two occasions referred to the appellate courts in the presence of the jury. Examination of the transcript reveals that the first reference was made while trying to establish for the record the distance between Haygood and the state's attorney during cross examination and the judge remarked, "I don't want the appellate court to get the impression that Mr. Cook was making him eat the end of

his finger." The second occasion came after the tape recording system in the courtroom malfunctioned and the judge asked defense counsel to begin his cross examination of a witness again, explaining to the jury, "You'll have to listen to it twice so that the appellate court will have the opportunity, if it goes to the appellate court, to hear it once." No objection was made to either reference.

While it is better practice for the trial courts and counsel not to make references to the power of the reviewing courts except to cite their decisions as authority, the remarks made here can in no way be construed as so harmful and prejudicial as to demand reversal. Compare *Bryant v. State,* 197 Ga. 641, 654 (8) (30 SE2d 259) (1944) with *Floyd v. State,* 135 Ga. App. 217, 218 (2) (217 SE2d 452) (1975) and cases cited. See also *Singleton v. State,* 138 Ga. App. 706 (2) (227 SE2d 472) (1976).

2. After instructing the jury on the law of justification as a defense, the trial court charged: "If it should appear to you by the preponderance of all the evidence in the case that the shooting of either victim was justified under the rules of law which I have given you in charge, then it would be your duty to acquit the defendant as to the charges relevant to that victim. By the phrase 'by the preponderance of the evidence' I mean that superior weight of evidence on the issue involved which while not enough to wholly free the mind of a reasonable doubt is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other. . . If it should appear to you by preponderance of all the evidence in the case that the shooting of either victim was the result of a misapprehension of fact on the part of the Defendant which had it been true would have authorized or justified the action taken as to that victim under the rules of law which I have already given you in charge then it would be your duty to acquit the Defendant of the charges as to that victim. Now by the phrase 'preponderance of the evidence' I again mean that superior weight of evidence on the issue involved which while not enough to wholly free the mind from a reasonable doubt is yet sufficient to incline a reasonable and impartial mind to one side of the issue

rather than to the other."

Haygood complains that this portion of the charge effectively shifted the burden of proof to him to establish the affirmative defense of justification. The state concedes that such a charge would be impermissible under *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976), but points out that Haygood's trial took place in 1975, prior to the *Moore* decision, which has prospective application only. Under Georgia law as it existed in 1975, the burden of proving an affirmative defense was on the defendant. *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1975). *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) (1975), relied upon by Haygood, did not deal with a preponderance of the evidence charge and consequently is not controlling here. Under these circumstances, we find no error in the charge as given.

3.  Evidence of the nature of the victims' injuries was not erroneously admitted. Assault with a deadly weapon is an essential element of the offense of aggravated assault (Code Ann. § 26-1302), and it was necessary to describe the injuries inflicted to establish that the gun used by Haygood was capable of being a deadly weapon.

4.  During cross examination the state sought to impeach Haygood's testimony by prior inconsistent statements. Haygood contends that by referring to a document which had not been introduced in evidence as a transcript, state's counsel gave the jury the impression that Haygood was changing his story from testimony given under oath. Error is enumerated on the failure of the trial court to declare a mistrial on this issue.

The judge, however, explained to the jury that the document held by the state's attorney had not been identified as a transcript, had no probative value for any purpose and should not have been referred to as a transcript. The attorney was reprimanded in the jury's presence and the jury instructed to disregard and wipe out of its mind any reference to the document unless and until it was admitted in evidence. This corrective action was appropriate and sufficient to avoid a mistrial and no abuse of discretion appears. *Walker v. State,* 140 Ga. App. 418, 421 (4) (231 SE2d 386) (1976).

5.  During the course of his charge to the jury the trial

judge referred to the persons wounded by Haygood as "victims." Haygood argues that this necessarily imputed to the jury that the court believed these "witnesses for the State" to be victims of a crime. No objection was made to the use of the word "victims" during trial and, in any event, we consider this enumeration to be without merit.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED JUNE 7, 1977 — DECIDED JUNE 23, 1977.

*Pleger, Duderwicz & Prince, E. Phil Duderwicz,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.