## 35027. BARNES v. THE STATE.

HILL, Justice.

James Williams Barnes was indicted for rape and was convicted by the jury of the statutory rape of his eleven-year-old stepdaughter. He appeals, enumerating five errors.

1. Defendant contends that Code Ann. § 26-2018 (Ga. L. 1968, pp. 1249, 1302) under which he was convicted of the crime of statutory rape violates the Equal Protection Clause of the 14th Amendment to the United

States Constitution, in that it protects females exclusively and penalizes males exclusively.[1]

Defendant raises the constitutional issue for the first time on appeal. In *Hammock v. Zant,* 243 Ga. 259 (253 SE2d 727) (1979), this court held that when a challenge to the constitutionality of the statute under which a defendant was indicted and convicted has not been ruled upon at trial, a defendant does not waive his right to raise the issue on habeas corpus. A decision now will preclude a later habeas corpus challenge on the same issue. *Hammock v. Zant,* supra. In the interest of judicial economy, we exercise our discretion to decide the constitutional question raised here. See *Brown v. Housing Authority of Atlanta,* 240 Ga. 647, 653 (242 SE2d 143) (1978).

This court has recently upheld a similar challenge to the constitutionality of Georgia's rape statute. *Lamar v. State,* 243 Ga. 401 (254 SE2d 353) (1979). Gender-based classifications require less than strict scrutiny but more than minimum scrutiny and ". . . must serve important governmental objectives and must be substantially related to achievement of those objectives." Orr v. Orr, — U. S. — (99 SC 1102, 1111, 59 LE2d 306) (1979); Frontiero v. Richardson, 411 U. S. 677 (93 SC 1764, 36 LE2d 583) (1973); Craig v. Boren, 429 U. S. 190 (97 SC 451, 50 LE2d 397) (1976); Califano v. Goldfarb, 430 U. S. 199 (97 SC 1021, 51 LE2d 270) (1977).

The defendant cites Meloon v. Helgemoe, 564 F2d 602 (1st Cir. 1977), in which the First Circuit Court of Appeals overturned a New Hampshire statutory rape law on equal protection grounds. Defendant argues that the rationale behind the gender-based classification of the

---

[1]Code Ann. § 26-2018 provides as follows: "A person commits statutory rape when he engages in sexual intercourse with any female under the age of 14 years, not his spouse: Provided, that no conviction shall be had for this offense on the unsupported testimony of the female. A person convicted of statutory rape shall be punished by imprisonment for not less than one nor more than 20 years."

Georgia law is the same as that behind the unconstitutional New Hampshire law.

The Fourth Circuit Court of Appeals has upheld a provision of a West Virginia statute which declared it to be a crime for a male to have carnal knowledge of a previously chaste female between the ages of ten and sixteen. Hall v. McKenzie, 537 F2d 1232 (4th Cir. 1976). That court held that being the victim of this crime was not the same for thirteen year old males and females. The likelihood of physical and physiological damage was found to be greater for girls than for boys. The possibility of pregnancy was also recognized as a valid factor. Hall v. McKenzie was reaffirmed in 1978, 575 F2d 481 (4th Cir. 1978).

Other cases, decided after Meloon, supra, have distinguished that case or chosen to disagree with its holding. People v. McKellar, 146 Cal. Rptr. 327 (Ct. App. 2d District) (1978); State v. Rundlett, 391 A2d 815 (Me., 1978); State v. Brothers, 384 A2d 402 (Del. 1978). The McKellar court found that the legislature was primarily concerned with passing an Act aimed at pregnancy prevention in females under 18. Rundlett, supra, found that protection of young females from pregnancy and physical injury were objectives of the statutory rape law of Maine, and hence its gender-based classification was substantially related to those objectives, 391 A2d at 822.[1a] In the instant case there was sufficient evidence to show that defendant's stepdaughter was physically and painfully injured in a manner peculiar to pre-pubescent girls. Code Ann. § 26-2018 is substantially related to the legislative objectives of protecting young girls from the unique physical and psychological damage resulting from sexual intercourse with males, Califano v. Webster, 430 U. S. 313 (97 SC 1192, 51 LE2d 360) (1977), Orr v. Orr, supra.

Additionally, and more importantly, Code Ann. §

---

[1a] In Rundlett v. Oliver, No. 79-1044 decided August 1, 1979, the First Circuit Court of Appeals declined to apply its decision in Meloon v. Helgemoe, supra, and upheld Maine's statutory rape law.

26-2019 provides penalties for child molestation identical to those for statutory rape. Thus a woman engaging in sexual intercourse with a male child less than 14 years of age, while violating a different Code section, is subject to the same penalties as a man who commits statutory rape. Together, Code Ann. §§ 26-2018, 26-2019 and 26-2020 provide a general statutory scheme giving protection to both male and female children under the age of fourteen, regardless of the offender's gender.[2] The Code section is not invalid as depriving this defendant of equal protection of the law.

2. Defendant claims error in the trial court's overruling his motion to quash the indictment before trial after a computer analysis had shown that the grand jury was unconstitutionally arrayed. In an effort to explain his failure to make a timely challenge to the composition of the grand jury, he argues that he did not know whether or not he would be indicted.

The defendant was arrested on July 3, 1976, and made an incriminating admission to police the following day. He retained counsel on July 6 and was bound over for the grand jury following a commitment hearing on July 8. He was released on bond on July 13 but this did not mean he would not be indicted. The next regular grand jury session was due to commence on July 19 and the grand jury returned the indictment on July 21. Defendant was arraigned more than one month later, on August 31, 1976. It was not until May 19, 1977, that defendant filed his motion to quash the indictment, after a computer analysis made for another case resulted in a dismissal of several indictments on the ground that the grand jury had been unconstitutionally arrayed. Defendant did not make a timely challenge to the composition of the grand jury; he waited until shortly before trial. See *Tennon v. State,* 235 Ga. 594 (220 SE2d 914) (1975).

3. Defendant contends that the trial court erred in excluding evidence that on two or more occasions in the past the victim had used various objects for

[2]Code Ann. Title 26, "Committee Notes" to Chapter 26-20, §§ 26-2018, 26-2019, 26-2020.

self-stimulation which caused injuries similar to those found on this occasion.

At trial the defendant denied raping the victim. The state presented medical testimony as to her injuries on the night in question. The defendant sought to explain these injuries by testifying that on the night in question he found the victim inserting an object into her vagina. This testimony was admitted. He sought to corroborate this testimony by his testimony and testimony of his wife that in the past the victim had injured herself in a similar manner. This testimony was excluded on the basis of Code Ann. § 38-202.1 (Ga. L. 1976, p. 741).

Code Ann. § 38-202.1 provides generally that in rape prosecutions, evidence of the past sexual behavior of the complaining witness shall be inadmissible unless the accused also participated in that past behavior or unless such behavior would support an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of.

At the time the defendant offered the excluded evidence, this was a prosecution for rape. The evidence of prior conduct in issue here was not admissible under the above act to show consent. However, the question now is whether the evidence was admissible as to the lesser included offense of statutory rape, notwithstanding the fact that the defendant did not urge its admissibility as to the lesser offense.

Although the act is applicable by its terms to rape cases, logic and the intent of the act show that it should be equally applicable in statutory rape cases, except that the exceptions in the act relating to consent and the accused's prior participation would be inapplicable in statutory rape cases. Thus, if applicable to the prior conduct in issue here, the act would exclude evidence as to such conduct.

However, the defendant suggests that the excluded testimony was offered as circumstantial evidence to explain the injuries found by the doctor. In this connection, the character and conduct of a party in other transactions generally are irrelevant, Code Ann. § 38-202, and exceptions to this rule are subject to the discretion of the trial court. Green, Ga. Law of Evidence

170, 171, § 68 (1957). Here the evidence of prior occurrences was offered not as a circumstantial explanation of otherwise unexplained injuries but was offered to corroborate the defendant's direct testimony explaining his theory of defense as to how those injuries occurred. Hence the necessity for admitting the testimony was greatly reduced and we find no error in its having been excluded.

4. The court did not err in admitting the defendant's confession. Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1971); Michigan v. Mosley, 423 U. S. 96, 103-104, 105-106 (96 SC 321, 46 LE2d 313) (1975).

5. At the close of the state's case the defendant made a motion for mistrial based on prosecutorial misconduct which allegedly occurred in the state's opening statement. The opening statements were not reported. However, the defendant contends that in opening statement the assistant district attorney said that he expected to show that blood on the victim's panties was the same type as blood on the defendant's T-shirt. The defendant contends that the state knew the blood on the victim's panties and defendant's T-shirt had not been "typed" and hence the state could not show they were the same type.

The state's serology expert testified that the blood on the panties delivered to him was human blood with antigen A but that there was A activity in the fabric, possibly from perspiration, and he therefore could not confirm that the blood was blood group A. He testified that the blood on the T-shirt was human blood, that the blood stain appeared to be type A, but that the fabric again showed type A and this precluded confirmation of blood group A for the same reason. He testified that the victim had type A blood.

A police officer testified that on the date of the incident in question he went to the defendant's house, that the defendant came to the door, that the officer noticed blood on the defendant's T-shirt, and that after the Miranda warning was given the defendant explained that the victim suffered from nose-bleeds. In a later statement the defendant told police he had had too much to drink, that he undressed and went to sleep and that when he

awoke the victim was sitting on top of and straddling him.

It is reprehensible for a lawyer in closing argument to misstate the testimony or facts in evidence. Code Ann. § 81-1009; Ga. Prac. & Proc., 224, 225, § 14-5 (4th Ed., 1975). However, at that point the jury has heard the evidence and hopefully can recognize a misstatement when one is made. Hence it is even more reprehensible for a lawyer in his opening statement to misstate the evidence to be introduced during the trial because at that point the jury can be misled easily. DR 7-106 (C) (1).

However, the statement here, although inaccurate, as to what scientific evidence would be proved, was effectively shown by the defendant's incriminating admissions. In effect the prosecutor said he expected to show by expert testimony that the blood on the defendant's T-shirt came from the victim, and the prosecutor made such a showing by means of the defendant's statements rather than by the testimony of the serology expert. Under the facts of this case the trial court did not err in overruling the motion for mistrial based on prosecutorial misconduct or in failing to rebuke the prosecutor. *Marshall v. State,* 239 Ga. 101 (3) (236 SE2d 58) (1977).

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED JUNE 12, 1979 — DECIDED SEPTEMBER 10, 1979 — REHEARING DENIED SEPTEMBER 25, 1979.

*Leiden & Butler, Terrance P. Leiden, Victor Hawk,* for appellant.

*Richard E. Allen, District Attorney, Patricia Warren, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.