## 62673. FLETCHER v. THE STATE.

DEEN, Presiding Judge.

Joseph R. Fletcher was convicted of armed robbery and two counts of aggravated assault.

1. As no objection was made at trial to the in-court identification of him by eyewitnesses to the crimes that the identification was based upon an impermissible out-of-court identification, appellant cannot raise this issue on appeal. *Stripling v. State,* 155 Ga. App. 636 (271 SE2d 888) (1980). The trial court did not err in ruling at the hearing on the pre-trial motion that the lineup was not impermissively suggestive. The fact that the defendant was the only man in the lineup wearing short pants did not unduly draw attention to him because only one of the two persons who viewed the lineup was able to identify him.

2. The trial court did not err in allowing a witness to testify as to the extent of his injuries. The defendant was charged with aggravated assault. "Assault with a deadly weapon is an essential element of the

offense of aggravated assault (Code Ann. § 26-1302), and it was necessary to describe the injuries inflicted to establish that the [weapon] was capable of being a deadly weapon." *Haygood v. State,* 142 Ga. App. 627, 629 (236 SE2d 696) (1977). As counsel did not request an instruction that the testimony was to be used for a limited purpose as alleged by the defendant, there is nothing for this court to review on appeal. *Jefferson v. State,* 157 Ga. App. 324 (277 SE2d 317) (1981). The court also did not err in failing to grant a mistrial when no such motion was made. As this issue was not raised in the court below, it is deemed to be abandoned. *Royle v. State,* 151 Ga. App. 88 (258 SE2d 921) (1979).

3. As no objection was made in the court below that the district attorney was leading a witness, there is nothing for this court to review on appeal for the reasons set forth in Divisions 1 and 2 above.

4. The trial court did not charge the jury in a fragmented manner. After the charge, the district attorney requested further instruction on simple assault as required under *Emmons v. State,* 142 Ga. App. 553 (236 SE2d 536) (1977). After the charge was completed, the court asked counsel if there were any objections to the charge. He replied in the negative. The following morning the court gave an expanded charge on assault and after beginning deliberations the jury returned and requested an additional charge on circumstantial evidence. The defendant cannot complain of that portion of the charge to which he stated that he had no objections. *Carter v. State,* 155 Ga. App. 49 (270 SE2d 233) (1980). Mere repetition of the subject of the charge is not grounds for reversal. *Bennett v. State,* 156 Ga. App. 617 (275 SE2d 701) (1980).

5. The trial court did not err in allowing the court reporter to read back the testimony of one of the witnesses following a jury request for such testimony. The trial court in its discretion may permit a jury at its request to rehear testimony after beginning its deliberation. *Johns v. State,* 239 Ga. 681 (238 SE2d 372) (1977). As the defendant did not request any cautionary remarks to be made following the reading of this testimony, there is no basis for an objection in this court for the reasons set forth in Divisions 1 and 2 above.

6. As the defendant did not make a motion for a directed verdict of acquittal, the trial court did not err in failing to direct a verdict sua sponte and nothing has been preserved for this court's consideration on appeal. See Divisions 1 and 2 above. We have reviewed the evidence presented at the trial of this case and find that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 2, 1981.

Robert L. Richards, for appellant.
Arthur E. Mallory III, District Attorney, Robert S. Ogletree, Assistant District Attorney, for appellee.