64932. ROLLINS v. THE STATE.

BANKE, Judge.

The appellant was convicted of aggravated assault based on evidence that he stabbed another person in the abdomen with a knife. *Held:*

1. The evidence was more than sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980). It follows that the court did not err in denying the general grounds of the motion for new trial.

2. The appellant objected and moved for a mistrial on the

ground that his character was placed in issue by the following testimony elicited by the state during cross-examination of a defense witness:

"Q. Would you consider — you know Harold Rollins — for ten years. Would you consider him, or does he consider himself a very he-man type person, or a very masculine person?

"A. Well, Harold pretty well takes care of hisself [sic]."

We do not consider the question, and certainly not the answer, as being subject to the objection made at trial. The fact that a person considers himself a "he-man type" or a very masculine person does not tend to show that he has previously committed a crime or that he cannot be believed under oath. As no other basis was offered for the objection, the court did not err in overruling it. Furthermore, in the context of the overwhelming evidence of guilt in this case, it is "highly probable" that the testimony in question did not contribute to the verdict, and any error in allowing it was accordingly harmless. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

3. The appellant contends that the court should have charged on simple assault as a lesser included offense, based on evidence that he struck the victim with his hands prior to knifing him. While this evidence might have established the commission of a simple assault *in addition* to the aggravated assault, it certainly did not require a charge on simple assault as a lesser included offense. There was no evidence from which the jury could reasonably have inferred that the appellant committed merely a simple assault. See generally *Jarrard v. State,* 152 Ga. App. 553 (4) (263 SE2d 444) (1979); *Marable v. State,* 154 Ga. App. 115 (2) (267 SE2d 837) (1980).

4. The trial court did not err in allowing the victim to exhibit his stab wounds and resultant surgical scars to the jury, as these were relevant to establish the extent of his injuries and the deadliness of the weapon used by the appellant. See generally *Zachery v. State,* 153 Ga. App. 531 (1) (265 SE2d 860) (1980); *Clark v. State,* 149 Ga. App. 641 (2), 644 (255 SE2d 110) (1979). Although the appellant contends that the deadliness of the weapon was not in dispute, we are cited to no stipulation which would have lessened the state's burden of proof in this regard. See generally *Haygood v. State,* 142 Ga. App. 627, 629 (3) (236 SE2d 696) (1977).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 18, 1982.

*R. Leslie Waycaster, Jr.,* for appellant.
*Stephen A. Williams, District Attorney, Marcus Morris,*

454

*Assistant District Attorney,* for appellee.