## 65776. HOWARD v. THE STATE.

DEEN, Presiding Judge.

Eddie James Howard appeals his conviction of two counts of aggravated assault. The evidence showed that Joe Norman and Debbie Horne arrived at the home of Greg and Kim Hall on the evening of May 2, 1982. At one point during the evening, the two couples decided to obtain a quantity of marijuana and left in search of it in Norman's pickup truck to a location in northwest Moultrie where they met Clarence Trimble. With Trimble's aid, they went in search of Howard, who was a known seller of marijuana. Eventually they arrived at a location near the "Blue Room," a cafe, where they met appellant, discussed purchasing the drug from him, and a dispute arose over the price. During the argument, Howard exhibited a pistol which was tucked into the front of his pants. Trimble ran in the direction of his mother's house and when he began to return, Howard fired several shots at him. The last shot hit Kim Hall in the head as she sat in the truck. There was no evidence that anyone else had a gun. *Held:*

1. The verdict was supported by the evidence and the trial court did not err in denying appellant's motion for a directed verdict. "A defendant is entitled to a directed verdict only where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, demands a verdict of not guilty." *Causey v. State,* 154 Ga. App. 76, 77 (267 SE2d 475) (1980). A directed verdict of acquittal was not demanded in the present case. The credibility of the witnesses is a question of fact for the jury. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). From the evidence presented at trial, a rational trier of fact could find that Howard was guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

2. A description of the injuries sustained by Kim Hall was admissible to prove that the pistol used by the appellant was a deadly weapon. *Clarke v. State,* 149 Ga. App. 641 (255 SE2d 110) (1979); *Haygood v. State,* 142 Ga. App. 627, 629 (236 SE2d 696) (1977).

3. The court did not err in charging the jury that the sale of marijuana is a felony after charging that a person is not justified in using force if he "is attempting to commit, committing, or fleeing after the commission of a felony." This portion of the charge tracks OCGA § 16-3-21 (b) (2) (Code Ann. §§ 26-902, 27-207). The evidence showed that the appellant sold a "nickel" bag of marijuana to Kim Hall's friends for six dollars. By charging the jury that the sale of marijuana constitutes a felony, the court was simply charging the jury

on the applicable law.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 25, 1983.

*Thomas L. Kirbo III,* for appellant.

*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney,* for appellee.