### 67744. FIRST NATIONAL BANK OF ATLANTA v. SINKLER et al.

QUILLIAN, Presiding Judge.
This is an appeal from the dismissal of a traverse to an answer of a garnishee. The First National Bank of Atlanta instituted a garnishment, directing a summons on May 4, 1983, to Thomson McKinnon Securities, which named Brock Sinkler, a former employee of Thomson McKinnon, as the defendant judgment debtor. Plaintiff's plead-

ings were verified. The garnishee's answer was not verified but substantially followed the format set forth in OCGA § 18-4-66 (4). The answer notified plaintiff that nothing was owed the defendant and that he was not due any wages by garnishee. The garnishee added the explanation that they had terminated defendant's employment on April 12, 1983 and were currently holding $8,249.64 from defendant's commissions which defendant owed to a customer of the garnishee. Those funds were to be distributed to the customer in payment of a debt which arose prior to the service of the summons of garnishment upon the garnishee.

Plaintiff traversed garnishee's answer. When the traverse was heard, First National moved to strike the garnishee's answer as legally insufficient, for judgment on the pleadings as to liability, and for judgment on the pleadings as a matter of law. The trial court denied all motions and dismissed the traverse. First National appeals. *Held*:

1. First National contends the trial court erred in finding that the garnishee's answer complied with the provisions of OCGA § 18-4-66 (4) and was legally sufficient. Garnishment law in Georgia underwent a drastic change in 1976 following the U. S. Supreme Court's decision in North Ga. Finishing v. Di-Chem, 419 U. S. 601 (95 SC 719, 42 LE2d 751) which struck down Georgia's statutory scheme for pre-judgment garnishment. In *Coursin v. Harper*, 236 Ga. 729 (225 SE2d 428), our own Supreme Court decided that the decision in North Ga. Finishing v. Di-Chem, invalidated Georgia's procedure in both pre-judgment and post-judgment cases. In 1976 the General Assembly revised the garnishment laws of Georgia (see Ga. L. 1976, p. 1608 et seq.). Shortly thereafter, in *City Finance Co. v. Winston*, 238 Ga. 10 (231 SE2d 45), the Supreme Court found that the revised post-judgment garnishment procedure was "constitutionally inadequate." The legislature amended the garnishment laws again in 1977 (see Ga. L. 1977, pp. 159-166). Accordingly, appellate decisions involving garnishment prior to 1977 must be viewed in light of post-legislative changes.

The present action is based on a prior judgment. Under OCGA § 18-4-61, a post-judgment garnishment petition must be verified by affidavit for summons of garnishment to issue. Accordingly, the plaintiff verified his affidavit. The garnishee did not verify his answer. The Code also provides that "[i]n all cases where the plaintiff files a pleading with an affidavit attached to the effect that the facts stated in the pleading are true to the best of his knowledge and belief, the defendant shall in like manner verify any answer." OCGA § 9-10-111. However, there are two other statutes relating to this issue of whether or not a garnishee must verify his answer. OCGA § 9-11-11 provides, in part: "(b) Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit."

Secondly, OCGA § 18-4-66 states: "For the purpose of Articles 1 through 5 of this chapter, the following forms are declared to be sufficient for garnishment after judgment, provided that nothing in this Code section shall be construed to require the use of particular forms in any proceeding under this article." The fourth form sets forth a legally sufficient answer form for a garnishee. It does not require verification. Construing all articles in pari materia, although we have a general statute which requires a "defendant" to verify his answer when the "plaintiff" verifies his petition, there is a specific statute dealing with legally sufficient forms for a "plaintiff" and "garnishee." For purposes of interpretation, and to the extent of any repugnancy between them, the specific statute will prevail over the general statute, absent any indication of a contrary legislative intent. See generally 82 CJS 839, Statutes, § 369. Further, OCGA § 18-4-66 was the last enacted statute, and "it is well settled in this jurisdiction that all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it . . ." *Buice v. Dixon*, 223 Ga. 645, 647 (157 SE2d 481); accord *Spence v. Rowell*, 213 Ga. 145, 150 (97 SE2d 350); *Nelson v. Roberts*, 217 Ga. 613, 614 (124 SE2d 85); *McPherson v. City of Dawson*, 221 Ga. 861, 862 (148 SE2d 298). Hence, as the legislature was aware of the prior general statute requiring answers to be verified if the complaint was verified, and had in this instance required a plaintiff's petition to be verified but authorized the garnishee's answer to be legally sufficient in the unverified form, we find the statutes may be reconciled by giving recognition to the last stated statute which specifically permits a garnishee's answer to be filed in the unverified form.

2. Because we have found no error in the failure of the garnishee to verify his answer, it was not error for the trial court to refuse to strike the garnishee's answer.

3. In like manner, the trial court did not err in refusing to grant plaintiff's motion for judgment on the pleadings because of the lack of verification.

4. It was not error for the trial court to overrule an objection by the plaintiff to the testimony for the garnishee in support of its answer. Such testimony was admissible on the issue formed by the plaintiff's traverse to the garnishee's answer.

5. The garnishee's answer denied that it was indebted to the defendant judgment creditor. It admitted it had $8,249.64 which had been withheld from defendant's commissions but claimed that those funds were being held to distribute to a customer in payment of a debt which arose from a transaction between the defendant and one of garnishee's clients. That stock transaction had not been completed because it was unauthorized and the garnishee had instructed defendant not to complete the stock acquisition. However, the client as-

sumed that the defendant had made the stock purchase and sold the stock. Because the client was unable to deliver the stock he had sold he brought an action against the garnishee for lost profit of more than $15,000.00. In accordance with the defendant's contract with the garnishee, earned commissions in the amount of $8,249.64 were withheld to be used in payment of any judgment obtained by the client against garnishee. Under the defendant's contract with garnishee, all losses resulting from errors by an account executive would be charged to the commission account of the executive. Hence, defendant had no right to obtain the withheld commissions from the garnishee. "The case law is well established that under the prior garnishment statute [cit.] the right of setoff by the garnishee existed [against the defendant debtor]. [Cits.] Since the provisions under the present statute [cit.] as to what is subject to garnishment are substantially the same, we think the former case law is still valid. Consequently, the right to setoff is still an available remedy specifically given by law, whether the defendant debtor is an employee of the garnishee or bears some other relation to him. [Cit.] Thus, '[t]he true rule is that a garnishee, if the debtor be indebted to him, has a lien on funds coming into his hands, or future indebtedness to the debtor on his part, superior to that of the plaintiff in garnishment. He is entitled to pay himself before he is required to collect for the benefit of others . . .'" *Fla. First Nat. Bank v. First Nat. Bank*, 154 Ga. App. 211, 212-213 (267 SE2d 849). "The rights of a garnishing creditor rise no higher than those of the defendant [debtor]. What one cannot recover himself cannot be recovered by garnishment against him. [Cit.] A garnishing plaintiff's position is no better than that of the debtor. 'If the defendant himself, suing the garnishee, could not get a judgment against him, the garnishing plaintiff can not get a judgment against the garnishee. The creditor may stand in his debtor's shoes by means of garnishment, but he gains no additional privileges.'" *Summer v. Allison*, 127 Ga. App. 217, 225 (193 SE2d 177); accord *C & S Nat. Bank v. AVCO Financial Services*, 129 Ga. App. 605, 608 (200 SE2d 309). As the defendant judgment debtor could not reach or recover the funds held by his former employer, the garnishee, the plaintiff who stood in his place, could not reach the funds.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED APRIL 9, 1984.

*Wayne C. Crowe*, for appellant.
*Kristen A. Gustafson, Julie Childs*, for appellees.