### 75539. BURRELL v. THE STATE.
(366 SE2d 385)

McMURRAY, Presiding Judge.

Defendant was indicted for two counts of aggravated assault. The evidence at trial showed that on July 5, 1986, Roger Fountain (the victim) received serious knife wounds to his arm, neck and abdomen during an affray with defendant at "D's Tavern in Rabun County [Georgia]." The victim was unarmed. Defendant was found guilty as to the second count only and after the denial of his motion for new trial he appeals. *Held*:

1. First, defendant contends the trial court erred in allowing the victim to exhibit his stab wounds and resultant surgical scars to the jury after the State exhibited to the jury seven photographs of the victim's injuries.

An examination of the record reveals that the photographs of the victim's injuries were made while he was in the hospital shortly after the brawl. The victim displayed his scars to the jury almost six months after the incident. Consequently, the victim's demonstration to the jury was relevant to establish the extent of his injuries and the deadliness of the weapon used by defendant. *Rollins v. State*, 164 Ga. App. 452, 453 (4) (297 SE2d 352). In any event, we do not find admission of this evidence reversible error. See *Williams v. State*, 250 Ga. 553, 561 (3) (300 SE2d 301).

2. Next, defendant contends the evidence was insufficient to support the jury's verdict in light of the evidence adduced in support of his plea of self-defense.

Elaine McKay, a witness to the incident, testified as follows: "Q. [State's attorney] On the 5th day of July, 1986, did you see [the victim]? A. Yes, sir, . . . [h]e was at a table at the end of the bar. Q. Did you notice what he was doing? A. He came in, sat down, put his head on the table, and went to sleep. Q. Did you see anybody do anything with a glass of water? A. Yes, sir. At closing time, people were starting to leave, and [the victim] was still asleep, and [defendant] picked up a glass of water and poured it on [the victim] to wake him up . . . Q. As soon as the water hit him, did [the victim] do anything? A. He came up trying to swing, trying to fight. Q. Did [defendant] do anything? A. He tried to hit him back. . . . They scuffled, and both wound up on the floor . . . Q. Did anyone attempt to break them up at that time? A. Yes, sir . . . Tommy Sutton did [and] eventually, he was successful. Q. What happened as far as getting them apart? A. [Tommy Sutton] was able to get them apart, got [defendant] almost to the door . . . [a]nd then [the victim] came over to [defendant] and took a swing at him, and it started again. Q. When it started again, did you see [defendant] do anything with his hands? A. He reached in his pocket, [revealed a] knife [and] cut [the victim]. Q. Where did he cut him? A. Across the chest, I think three times, his neck and his arm and a place on his back. Q. What kind of weapon did [the victim] have? A. None that I ever saw. . . . Q. Do you have some sort of training as a medical expert? . . . A. Yes, I'm a registered nurse. . . . Q. For what length of time have you been a practicing registered nurse? A. About 11 or 12 years. Q. Did you participate in any way for the first aid for [the victim]? A. Yes, sir. . . . [The victim] had an artery laid open in his arm, and it was spurting blood. Another one was spurting in his neck. I had my thumbs on his arm to try to keep him from bleeding to death until we could get an ambulance. . . . Q. [B]ased on your medical training and what you saw out there that night, is it your opinion that you were able to help [the victim], and [is] he lucky that you were there? A. Yes, sir, [his injuries were serious]. Q. [A]pproximately how many times did you see [defendant] swing with that knife at [the victim]? A. I would say four or five times, but it was so fast all you could see was just that light glittering on the blade. I would say four or five times."

Ms. McKay's testimony and other evidence adduced at trial was more than sufficient to enable any rational trier of fact to find defendant guilty, beyond a reasonable doubt, of the offense of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED FEBRUARY 24, 1988.

*W. Brek Barker*, for appellant.
*Michael H. Crawford, District Attorney, E. J. McCollum, Assistant District Attorney*, for appellee.