### A89A0250. BLANTON v. THE STATE.
(382 SE2d 133)

SOGNIER, Judge.

James Ernie Blanton was indicted on two counts of child molestation and two counts of enticing children for indecent purposes. A jury found Blanton guilty on all four counts, but the trial court merged the counts of child molestation and enticing children for indecent purposes stemming from the same incidents. Appellant appeals from his conviction.

The record reveals that on at least two different occasions, while driving his truck in residential areas appellant stopped and exposed himself to a child under 14 years of age and asked the child to get in the truck and go with him. The children described appellant and the truck, and appellant was apprehended after the mother of one of the children noticed a truck which matched the description her child had given, followed the truck, wrote down the tag number, and gave the information to the sheriff's department. After appellant was arrested, he gave a statement in which he admitted exposing himself to the children.

1. Appellant enumerates the general grounds, arguing that the crime of child molestation requires specific intent, which was not shown by the State. OCGA § 16-6-4 (a) provides that "[a] person commits the offense of child molestation when he does any immoral

or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." In this case, the trial court charged the jury that they must find an intent on appellant's part to arouse his own sexual desires in order to convict appellant of child molestation. The court also instructed the jury that they "may find such intention, or the absence thereof, upon a consideration of words, conduct, demeanor, motive, and other circumstances connected with the act for which the accused is being prosecuted." At appellant's request, the trial court also charged the jury as to public indecency.

A reviewing court will not disturb a factual determination by the jury on intent unless it is contrary to the evidence and clearly erroneous. *Thomas v. State*, 176 Ga. App. 771, 773 (337 SE2d 344) (1985). "[T]he intent with which an act is done is peculiarly a question of fact for determination by the jury and although a finding that the accused had the intent to commit the crime charged may be supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground. [Cits.]" *Mallette v. State*, 119 Ga. App. 24, 27 (165 SE2d 870) (1969). Here the jury was permitted to infer intent from appellant's actions, including the fact that he asked the children to get in his truck and go for a ride with him. The jury decided the question of intent adversely to appellant, and we cannot say their determination was contrary to the evidence or clearly erroneous. The evidence in this case was sufficient to sustain the verdict.

2. Appellant contends the trial court erred by refusing to allow a psychologist to give his opinion that, in exposing himself, appellant did not act with sexual intent. The record reveals that Dr. James Thomas, a licensed clinical psychologist, testified that he interviewed appellant, administered certain psychodiagnostic tests, and concluded that appellant was an exhibitionist. Although Dr. Thomas was not permitted to respond when asked on redirect examination whether, based on his information, training, and knowledge "he had formed any opinion as to whether or not [appellant] had sexual intent in the act he was performing here," he had already responded on direct examination to the question "[w]as there any sexual desire or sexuality involved in the acts that [appellant] committed, in your opinion?" by saying: "[n]o." Accordingly, although it may have been error to prevent Dr. Thomas' answer to the question on redirect examination, see *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981), we are unable to perceive any harm to appellant, as the same evidence had already been admitted without objection, and "it is well established that '(a)n appellant must show harm as well as error to warrant reversal. (Cit.)' [Cit.]" *Raines v. State*, 186 Ga. App. 239, 242 (4) (c) (366 SE2d 841) (1988).

3. We find no merit in appellant's contention that the trial court erred by charging the jury that the required intent could be inferred by the jury from appellant's actions. Appellant has failed to cite any authority for this enumeration, and it is thus deemed abandoned pursuant to this Court's Rule 15 (c) (2). *Smith v. State*, 187 Ga. App. 322, 325 (7) (370 SE2d 185) (1988). Moreover, the charge was a correct statement of the law, taken from OCGA § 16-2-6, and the trial court also instructed the jury that to convict appellant of child molestation they must find beyond a reasonable doubt that appellant had the specific intent to arouse his own sexual desires. We find no error here. See generally *Banks v. State*, 178 Ga. App. 54, 55 (3) (341 SE2d 859) (1986).

4. Appellant finally asserts as error the ineffectiveness of his trial counsel in failing to communicate to him the State's offer of a plea bargain. We find that in this regard appellant has failed to meet the two-part test set forth in *Strickland v. Washington*, 466 U. S. 668, 687-688 (104 SC 2052, 80 LE2d 674) (1984). *Strickland* requires that appellant show both that counsel's representation fell below the objective standard of reasonableness, and a reasonable probability that, but for the counsel's ineffectiveness, the result of the proceeding would have been different. In *Lloyd v. State*, 258 Ga. 645 (373 SE2d 1) (1988), where the Georgia Supreme Court examined a similar allegation of failure to communicate the offer of a plea bargain, the court concluded that in such cases the second part of the test can "only be shown by some indication that the defendant was amenable to the offer made by the state." Id. at 648 (2) (b). After reviewing various methods adopted by other jurisdictions to determine whether the defendant would have been amenable to the State's offer had it been communicated (including the assumption that the defendant would have accepted any offer more favorable than the eventual outcome, and the requirement that the defendant show both that he had evidenced an interest in pleading prior to the verdict and that he would have accepted the offer had he learned of it), the Supreme Court decided that it preferred "to examine the facts of each case and grant relief where there is at least an inference from the evidence that the defendant would have accepted the offer as made or something similar." Id. (Footnote omitted.)

Pretermitting the question of whether appellant has satisfied the first part of the *Strickland* test, he has not satisfied the second part because there is no inference from the evidence that he "would have accepted the offer as made or something similar." Appellant has made no evidentiary showing whatsoever on this question, other than an affidavit stating that he learned after the trial that an offer had been made and that it had not been communicated to him. There is no indication, even in appellant's affidavit, that he would have accepted

the offer, and the record does not indicate what the offer was or whether it was substantially more favorable than the eventual outcome. We also note that this case, having been filed originally in the Supreme Court, was transferred to this court when the Supreme Court rejected this enumeration, citing *Lloyd*, supra. Accordingly, we find no ground for reversal here.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 19, 1989 —
REHEARING DENIED MAY 5, 1989 — ▆▆▆▆▆▆▆▆

*Tisinger, Tisinger, Vance & Greer, Paul E. Weatherington,* for appellant.

*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney,* for appellee.