A94A2335. GUNTER v. THE STATE.
(451 SE2d 108)

BLACKBURN, Judge.

David Lee Gunter appeals his conviction of child molestation for exposing himself to a minor. Gunter was found not guilty of enticing a child for indecent purposes.

The victim was nine years old at the time of the incident alleged in the indictment. The victim testified that Gunter stopped his small gray hatchback car on the street near where she stood, raised himself up, and put his hand on his exposed genitals.

The evidence of similar transactions involved testimony regarding two incidents in the same neighborhood in which a man in a gray car stopped in the road near little girls and attempted to entice them to come to his car. The similar transactions occurred within a few days of each other and approximately six months prior to the incident alleged in the indictment. In one incident, a man with dark brown hair attempted to give an eleven-year-old girl some money by waving

it from his car and asking her if she wanted it. The witness also saw the same car stop near a friend, who ran away from the car screaming. She further identified a picture of the car which Gunter used as the one being driven in her neighborhood from which she obtained the license plate number. The second incident involved a man in a gray four-door car who stopped beside an eleven-year-old girl. The car door was open and the man said, "Come here, little girl, I have something to show you." Again, the witness identified Gunter's car as the same car which stopped beside her.

1. In his first enumeration of error, Gunter contends that the trial court erred in allowing the evidence of similar transactions before the jury. Specifically, Gunter argues there was insufficient proof that he committed the similar transactions, and they were not similar to the crime of child molestation.

" 'Absolute' proof is not required that a defendant committed the offense in a similar transaction; and, 'we have held that the standard of proof of reasonable doubt is not applicable to the proof that the defendant was the perpetrator of the independent crimes, but only to the proof that he or she was the perpetrator of the crimes for which the accused is on trial. (Cits.)' [Cits.] What is required is that there be evidence that the defendant was the perpetrator of the independent crime [cit.] and sufficient similarity or connection between the independent crime and the offense charged, such that proof of the former tends to prove the latter. [Cit.] Even where the defendant is not identified positively as the perpetrator of the independent crime, circumstantial proof may be used to establish his connection to it. [Cit.]" *Martin v. State*, 198 Ga. App. 488, 489 (402 SE2d 95) (1991).

In the present case, sufficient circumstantial evidence was presented to connect Gunter to the similar transactions, specifically, the identification of his automobile and the location of these incidents in the same neighborhood. Furthermore, these incidents were similar to those charged in the indictment. See *McGarity v. State*, 212 Ga. App. 17 (2) (440 SE2d 695) (1994).

2. Gunter asserts the trial court erred by failing to grant his motion for a mistrial. Upon cross-examination of one of the defense witnesses, the witness volunteered twice that Gunter had asked him to testify as a character witness. The prosecutor asked if the witness was at trial to be a character witness. Gunter's counsel moved for a mistrial stating that Gunter's character had not been put in evidence.

The prosecutor's question did not implicate Gunter's character one way or the other. In any event, the granting of a mistrial is within the sound discretion of the trial court, *Tuggle v. State*, 211 Ga. App. 854, 855 (440 SE2d 740) (1994), and the trial court did not abuse its discretion in denying Gunter's motion for a mistrial. See *Rollins v. State*, 164 Ga. App. 452, 453 (297 SE2d 352) (1982).

3. In his final enumeration of error, Gunter asserts that the evidence did not support the verdict. However, having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Gunter guilty beyond a reasonable doubt of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 22, 1994 —
RECONSIDERATION DENIED DECEMBER 6, 1994 —

*Little & Adams, Sam F. Little,* for appellant.
*Jack O. Partain III, District Attorney,* for appellee.