## S97G1569. VINES v. THE STATE.
### (499 SE2d 630)

CARLEY, Justice.

The grand jury indicted Donnie E. Vines for the crime of child molestation. The indictment alleged as the immoral and indecent act Vines' sexually explicit telephone conversation with the 14-year-old victim. Vines filed a general demurrer, contending that the allegations of indictment were insufficient to charge him with an act of child molestation as defined in OCGA § 16-6-4. The trial court sustained the demurrer and dismissed the indictment. However, the State appealed and, in a whole-court decision, the Court of Appeals reversed. *State v. Vines,* 226 Ga. App. 779 (487 SE2d 521) (1997). We granted certiorari to determine whether the crime of child molestation can be committed when the only contact between the accused and the alleged victim was by telephone. Because, under the applicable rules of statutory construction, such contact is insufficient to constitute the crime of child molestation as currently defined in OCGA § 16-6-4, we reverse the judgment of the Court of Appeals.

OCGA § 16-6-4 (a) provides that the crime of "child molestation" is committed when a person "does any immoral or indecent act *to or in the presence of or with any child under the age of 16 years* with the intent to arouse or satisfy the sexual desires of either the child or the person." (Emphasis supplied.) As a criminal statute, OCGA § 16-6-4 (a) "must be construed strictly against criminal liability and, if it is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be

adopted. [Cits.]" *Fleet Finance v. Jones*, 263 Ga. 228, 231 (3) (430 SE2d 352) (1993). " '(W)hen a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal, the other which would not, the statute *must* be construed strictly against the State and in favor of the accused.' [Cit.]" (Emphasis in original.) *State v. Crane*, 247 Ga. 779, 780 (279 SE2d 695) (1981). According to the State, the plain language of the statute renders it unnecessary that the child be in the perpetrator's presence in order for the molestation to occur. However, the existing Georgia authority is consistent only with a contrary construction of the statute requiring that the victim and accused must be together in order for the crime of "child molestation" to be committed. The accused and the victim certainly are together when the accused commits an immoral or indecent act "to" the child, such as by forcing her to dance naked in the accused's presence. See *Thompson v. State*, 187 Ga. App. 563 (370 SE2d 819) (1988). Likewise, they necessarily are together in order for an immoral or indecent act, such as exposure by the accused, to be committed "in the presence" of the child. See *Gunter v. State*, 215 Ga. App. 517, 519 (3) (451 SE2d 108) (1994); *Blanton v. State*, 191 Ga. App. 454 (382 SE2d 133) (1989); *Smith v. State*, 178 Ga. App. 300, 301 (1) (342 SE2d 769) (1986). Obviously, the accused and the victim were together when the immoral or indecent act of sexual intercourse was committed "with" the child. See *Barnes v. State*, 244 Ga. 302, 304-305 (1) (260 SE2d 40) (1979). If the plain language of the statute defined "child molestation" as broadly as the State contends, then the existing Georgia authority would not be entirely consistent with the contrary interpretation.

In any event, the determinative factor is whether, when OCGA § 16-6-4 (a) is given the requisite strict construction, it is unreasonable to interpret its provisions as requiring that the State prove that the victim and accused were together in order for the crime of "child molestation" to be committed. Construing the statute most strictly against criminal liability, that interpretation is not unreasonable. Thus, even if the State's broad construction were reasonable despite the lack of any supporting authority, the contrary strict construction of OCGA § 16-6-4 nevertheless must be accepted because it is at least equally reasonable. *Fleet Finance v. Jones*, supra; *State v. Crane*, supra.

Furthermore, OCGA § 16-6-4 (a) must be construed in connection with all of the other provisions of the criminal code. *Huntsinger v. State*, 200 Ga. 127, 130 (1) (36 SE2d 92) (1945). There are at least two statutory provisions which define as criminal the specific act attributed to Vines. Under OCGA § 16-11-39 (a) (4), Vines' alleged act constitutes the misdemeanor of "disorderly conduct" and, under OCGA § 46-5-21 (a), he could be found guilty of the misdemeanor of

using the telephone to make a "comment, request, suggestion, or proposal which is obscene, lewd, lascivious, filthy, or indecent. . . ." The State urges that the existence of these specific criminal statutes is irrelevant because, unlike OCGA § 16-6-4 (a), neither contemplates protection of the child against psychological injury resulting from hearing sexually explicit language over the telephone. However, in making this assertion, the State fails to acknowledge that the General Assembly could have made a policy determination that, because there is not a significant risk of psychological injury to the child when the language is employed over the telephone, that act should be punishable as a misdemeanor and not as the felony of "child molestation." For purposes of statutory interpretation, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent. *First Nat. Bank v. Sinkler*, 170 Ga. App. 668, 670 (1) (317 SE2d 897) (1984).

" 'The unambiguous words of a criminal statute are not to be altered by judicial construction so as to punish one not otherwise within its reach, however deserving of punishment his conduct may seem.' " *Waldroup v. State*, 198 Ga. 144, 145 (30 SE2d 896) (1944). In accordance with the applicable rules of statutory construction, the act attributed to Vines is not within the ambit of OCGA § 16-6-4 (a) and, unless and until the General Assembly amends the statute to provide that "child molestation" can be committed over the telephone, such conduct is subject to prosecution as a misdemeanor only. Accordingly, the trial court correctly sustained Vines' demurrer and the Court of Appeals erred in reversing that ruling.

*Judgment reversed. All the Justices concur, except Hunstein and Hines, JJ., who dissent.*

HINES, Justice, dissenting.

I respectfully dissent. The majority opinion is contrary to OCGA § 16-6-4's plain language and its intent. "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Speech is an "act" contemplated by the statute. A child's mind as well as a child's body may be victimized by molestation. *Smith v. State*, 178 Ga. App. 300, 301 (1) (342 SE2d 769) (1986). Psychological damage to children is one of the evils OCGA § 16-6-4 is to guard against. *Barnes v. State*, 244 Ga. 302, 304-305 (1) (260 SE2d 40) (1979); *Roe v. State Farm Fire &c. Co.*, 188 Ga. App. 368, 369 (373 SE2d 23) (1988) (aff'd, 259 Ga. 42 (376 SE2d 876) (1989)). Acts which impact the child psychologically, even if they do not involve a physical touching of the child, have been repeatedly recognized as molestation. See *Gunter v. State*, 215 Ga.

App. 517, 519 (3) (451 SE2d 108) (1994) (lewdly exposing genitalia to a child); *Blanton v. State*, 191 Ga. App. 454 (382 SE2d 133) (1989) (exposure with invitation for child to join defendant in vehicle); *Thompson v. State*, 187 Ga. App. 563 (370 SE2d 819) (1988) (forcing child to dance naked in front of defendant); *Smith*, supra (showing and describing the use of a condom to a child while displaying an erection). Just as these are "acts" of molestation, speech over the telephone is an "act" within the meaning of OCGA § 16-6-4; speech can be used to "arouse or satisfy the sexual desires of either the child or the person" and thus can victimize a child in the manner the statute seeks to prevent. The injury involved here is not simply that a child *hears* explicit language, as the majority suggests; it is the *use of a child victim for a sexual purpose while employing that language* that OCGA § 16-6-4 protects against, and it is that conduct that is prohibited.

Because the prohibited conduct is accomplished over the telephone does not change the fact that it is in violation of OCGA § 16-6-4. The plain language of the statute renders it unnecessary that the child victim be in the perpetrator's presence in order for molestation to occur. The crime is committed when the perpetrator, with the intent to arouse or satisfy either his or her own sexual desires or those of the child, does an immoral or indecent act in one of three ways; 1) *to* a child, 2) *in the presence of* a child, or 3) *with* a child. To declare that the statute does not criminalize the conduct unless the perpetrator is in the child's presence would be to ignore two of the ways in which the legislature has declared the crime can be committed. When the legislature uses the disjunctive "or," it must be so construed unless there is a clear indication otherwise. *Gearinger v. Lee*, 266 Ga. 167, 169 (2) (465 SE2d 440) (1996). By the specific terms of OCGA § 16-6-4, if the perpetrator performs an immoral or indecent act "to" or "with" a child, having the required intent, the crime is committed, regardless of presence. That is the only reasonable reading of the statute.

The majority concludes that the fact that prior reported cases addressing OCGA § 16-6-4 have not involved molestation by use of the telephone shows that the defendant must be physically present with the victim because that circumstance has consistently appeared in those reported cases. However, the question before this Court is not what acts have occurred before, how they may have been prosecuted, or whether any reported case has the same facts as appear in this case. The question is whether the act alleged in this indictment falls within the ambit of the statute. That there is no precedent saying it does begs the question; there is also no case law establishing that the act is outside OCGA § 16-6-4's coverage. The plain language of OCGA § 16-6-4, and its clear purpose, demonstrate that Vines'

alleged act may be prosecuted under the statute.

The majority also relies on the existence of two other Code sections, OCGA §§ 16-11-39 (a) (4) and 46-5-21 (a), to conclude that Vines' alleged act cannot constitute child molestation. However, these Code sections do not preclude prosecution under OCGA § 16-6-4 and do not show any legislative intent that Vines' alleged conduct is to be considered something other than child molestation. OCGA § 16-11-39 (a) (4) is violated when a person "[w]ithout provocation, uses obscene and vulgar or profane language in the presence of or by telephone to a person under the age of 14 years which threatens an immediate breach of the peace." First, it is undisputed that the victim was fourteen years old at the time of the crime and therefore, by its specific terms, OCGA § 16-11-39 (a) (4) cannot apply to Vines' alleged acts. Second, OCGA § 16-11-39 (a) (4) contains an element not necessary for a conviction under OCGA § 16-6-4, and not alleged in Vines' case; there must be the threat of an immediate breach of the peace. But more fundamentally in this context, OCGA § 16-11-39 (a) (4) does not contemplate the psychological injury done when a child is used for the purpose of sexual gratification. It is that injury specifically targeted by OCGA § 16-6-4 (a), and that injury which makes Vines' alleged conduct of a different degree and character than misdemeanor disorderly conduct. The two crimes are distinct and each focuses on preventing different conduct; OCGA § 16-6-4 (a) on preventing the use of children for sexual gratification, and OCGA § 16-11-39 (a) (4) on preventing speech that endangers the peace.

Similarly, the existence of OCGA § 46-5-21 (a) (1) neither shows a legislative intent that acts such as are at issue should fall outside the ambit of OCGA § 16-6-4, nor bars Vines' prosecution under the indictment. OCGA § 46-5-21 (a) (1) provides: "[i]t shall be a misdemeanor for any person, by means of telephone communication in this state, to . . . make any comment, request, suggestion, or proposal which is obscene, lewd, lascivious, filthy, or indecent." This Code section applies to any telephone speech that could be so described, regardless of the age of the recipient. It also applies regardless of whether the call was made for purposes of arousing or satisfying sexual desire. Thus, OCGA § 46-5-21 (a) (1) does not focus on the evil that OCGA § 16-6-4 is intended to guard against. The calls alleged in the indictment were more than simply "obscene, lewd, lascivious, filthy, or indecent"; they were made to arouse and satisfy sexual desires, using the child to that end. Only OCGA § 16-6-4 specifically targets such behavior. Neither OCGA § 16-11-39 (a) (4) nor OCGA § 46-5-21 (a) (1) bars the prosecution here, and neither demonstrates a legislative intent that acts of molestation committed over the telephone should not be prosecuted as a felony under OCGA § 16-6-4. The State is not required to prosecute only the lesser offense commit-

ted, even if one statute is deemed more "specific"; when the elements of the crime appear, the State may properly prosecute the defendant under any Code section that fits the defendant's conduct. Here, Vines' alleged act fits the statutory definition of child molestation and he may be prosecuted under OCGA § 16-6-4.

The Court of Appeals correctly held that the trial court erred in sustaining the demurrer and dismissing the indictment, and this Court should affirm. I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED MAY 18, 1998.

*Brenda J. Bernstein, William C. Drosky, Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito,* for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney,* for appellee.