Branch, Judge,
dissenting.
Randle entered a guilty plea to a charge of child molestation in 1993. Randle now petitions to be released from sex offender registry requirements pursuant to OCGA § 42-1-19 (a) (4), which a judge may grant if certain conditions are met, including that “[t]he victim did not suffer any intentional physical harm during the commission of the offense,” OCGA § 17-10-6.2 (c) (1) (D), and that “the court finds by a preponderance of the evidence that the individual does not pose a substantial risk of perpetrating any future dangerous sexual offense.” OCGA § 42-1-19 (f). The trial court granted Randle’s petition and the State appealed, arguing that Randle, who touched the genitals of a ten-year-old boy, cannot show that his victim did not suffer “intentional physical harm.” The majority would affirm, holding that “evidence of offensive and unwanted touching, without more, does not *10 show ‘intentional physical harm.’ ” I respectfully dissent because Randle’s touching of the genitals of his child victim amounted to “intentional physical harm” such that he is not eligible to be released from sex offender registry requirements.[3]
“For purposes of statutory interpretation, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent.” Vines v. State, 269 Ga. 438, 440 (499 SE2d 630) (1998). The majority’s reliance on law relating to the crimes of battery and sexual battery to define “intentional physical harm” is thus misplaced; instead, we should consult the child molestation statutes to address the unique harms caused by sexual crimes against a child.
A person commits child molestation if that person “[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.” OCGA § 16-6-4 (a) (1) (emphasis supplied). The crime of child molestation thus includes sexually motivated acts that involve both touching and not touching a child. The crime of aggravated child molestation, however, occurs when a person “commits an offense of child molestation which act physically injures the child or involves an act of sodomy.” OCGA § 16-6-4 (c) (emphasis supplied). If the General Assembly had intended that child molestation cases involving the mere touching of a child be excluded from the category of crimes involving “intentional physical harm,” OCGA § 17-10-6.2 (c) (1) (D), it certainly could have referred to a distinction between such touching and physical injury, just as it did in the aggravated child molestation statute, OCGA § 16-6-4 (c). But it did not, a decision which we must assume was “a matter of considered choice.” Gordon v. State, 316 Ga. App. 42, 46 (1) (a) (728 SE2d 720) (2012) (punctuation and footnote omitted). Likewise, the legislature’s decision not to use the phrase “physical contact,” as in the sexual battery statute that does not necessarily involve a child victim, see OCGA § 16-6-22.1 (b), does not compel the conclusion that in the specific context of authorizing a deviation from a mandatory *11 minimum sentence for a child molester, the term “intentional physical harm” excludes an intentional touching of the victim. The distinctive element of the crime of child molestation, as opposed to the lesser included offense of sexual battery, is that the act or touching occur for the purpose of arousing the sexual desires of either the aggressor or the child victim. See OCGA §§ 16-6-4 (a) (1), 16-6-22.1 (b), (d). Randle was convicted of this crime, not sexual battery, and neither we nor the trial court may ignore his established history of touching a child with the intent of gratifying his own sexual desires.
Decided March 5, 2015
Peter J. Skandalakis, District Attorney, Robert W. Mooradian, Assistant District Attorney, for appellant.
The Kirk Law Firm, Christa L. Kirk, for appellee.
The majority’s citations to the law of battery and sexual battery are thus inapposite, and its conclusion that the term “intentional physical harm” necessarily encompasses physical pain or injury to a child victim is error. OCGA §§ 17-10-6.2 and 42-1-19 (a) (4) authorize a trial court to deviate from a mandatory minimum sentence imposed on a child molester only when that molestation does not involve touching a child. As this case does involve such physical touching, Randle is not eligible for release from sex offender registry requirements. I therefore dissent.
I am authorized to state that Presiding Judge Ellington and Judge Dillard join in this dissent.

 I am also deeply skeptical of the trial court’s certitude that Randle “will never” molest a child again. That Randle has not been accused of child molestation since his release in 2001 does not show that he will never re-offend. When the General Assembly adopted OCGA § 17-10-6.2 in 2006 for the punishment of sexual offenders (and included the same criteria for sentencing consideration as set forth in OCGA § 42-1-19 (a) (4)), it noted that “sexual offenders who prey on children are sexual predators who present an extreme threat to the public safety. Many sexual offenders are extremely likely ... to repeat their offenses; and some sexual offenders commit many offenses, have many more victims than are ever reported, and are prosecuted for only a fraction of their crimes.” Ga. L. 2006, p. 379, § 1. Further, Randle’s victim was a young boy; that Randle has not attacked his daughter is hardly conclusive proof that he has not or will not re-offend.