68584. IN THE INTEREST OF C. M. et al.
(324 SE2d 581)

McMURRAY, Chief Judge.

The Department of Human Resources of the State of Georgia (DHR) filed a petition to terminate the parental rights of the mother and father of three minor children. The father appeals the award of custody to DHR and the Oconee County Department of Family and Children Services (DFCS). *Held*:

The evidence when considered by any rational trier of fact clearly and convincingly establishes that the three teenaged girls had been abandoned by their mother, and that they were deprived children within the contemplation of OCGA § 15-11-51 (a) (2) in that they were without the parental care or control necessary for their mental and emotional health and morals insofar as their father was concerned. While there was some question of actual sexual abuse of the older and younger two girls by the father, he did not deny, nor did he wish to terminate, an incestual relationship with the nearly fifteen-year-old middle daughter, stating that he no longer felt like she was his daughter and wanted her to have his baby. The older and younger two girls were aware of and disturbed by this relationship between their sister and father, and were left alone when the father and sister went on overnight trips together. All the girls had run away from home on various occasions, and had been placed under temporary custody of DFCS at other times. They also demonstrated emotional and disciplinary problems at school and in the detention home.

The errors enumerated by the father in regard to improper service on the mother and failure to appoint guardians ad litem or legal counsel to represent the children at the termination hearing were not raised below, and are in any event without merit. Since the evidence was sufficient as a matter of law to authorize the termination of parental rights, the judgment must be affirmed. See generally, *Heath v. McGuire*, 167 Ga. App. 489, 490 (3) (306 SE2d 741); *Chancey v. Dept. of Human Resources*, 156 Ga. App. 338, 339 (1) (274 SE2d 728).

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs specially.*

758

*Herbert T. Hutto*, for appellant.

*Russell T. Quarterman, Special Assistant Attorney General*, for appellees.

Deen, Presiding Judge, concurring specially.

While I fully concur with the majority's affirmance of the termination of the appellant's parental rights, the record in this case sadly reveals the despicable fact that the appellant was the seducer and corrupter of his own daughter. Forty-four exhibits contained in the record consisting of nude photographs of both the father and daughter taken in a motel in South Carolina, mostly depicting a variety of sexual poses and positions, confirm these observations. The photos represent empirical data or a blueprint of seemingly regularly expected sexual conduct referred to and supported by testimony contained in the record.

The appellant's unfitness as a parent is only accentuated by his inability to comprehend the immoral and contemptible nature of his incestuous relationship with his daughter. It has been my position, as a general rule, to uphold termination of parental rights sparingly, considering it a governmental act surpassed in severity perhaps only by punishment for criminal conduct, but realization comes with deep regret in this case that the appellant's parental rights were not terminated soon enough. The evidence indicates not only that the father wanted his daughter to have his baby, but also that he wanted to marry her. The daughter in fact testified: "He said if it was legal he would have married me, but he wanted me to have his baby."

It is noted that some psychiatrists, such as, for example, Dr. Alayne Yates of Los Angeles, California, advocate increased sibling incest and even father-daughter incest (on the grounds that "any kind of early pleasurable sexual experience tends to augment later sexual adjustment and enthusiasm . . .") Jonas Robitscher, *The Powers of Psychiatry* (1980), pp. 387-388. However, this is a minority viewpoint, and a great majority of psychiatrists decline such a view of child-rearing; certainly the law of Georgia finds it repulsive. While it may be argued that complete consensual sexual freedom amounts to and can be equated with the philosophy or theology of "man controlling his own destiny," this is not consistent with the Georgia statutory law nor does it comport with the public policy of this state.