71812. GRANT v. THE STATE.
(343 SE2d 422)

DEEN, Presiding Judge.

The appellant, Thomas Grant III, was convicted of two counts of child molestation, for which he was sentenced to two consecutive terms of twenty years' imprisonment. On appeal, in addition to the general grounds, he contends that the trial court erred in finding the child victim competent to testify, and in allowing the prosecutor to place the appellant's character in issue. *Held:*

1. The child victim was twelve years old at the time of the trial, deaf, and unable to talk. Two sign language interpreters served as the medium of communication. The child was asked the standard regimen of questions, and she responded affirmatively that she understood what it means to tell the truth; that she understood the difference between the truth and a lie; that she understood that if she told a lie she could be punished; and that she promised to tell the truth. This testimony obviously demonstrated the child's competence as a witness. *Arnold v. State*, 167 Ga. App. 720 (307 SE2d 526) (1983); *Mackler v. State*, 164 Ga. App. 874 (298 SE2d 589) (1982).

2. The child resided with her aunt/legal guardian, to whom the appellant was married during the molestation incidents. Called as a witness for the state, the aunt testified that even before the child first revealed the molestation, she had suspected such because of the appellant's remark that "if the father didn't break the daughter in the stepfather should." Upon cross-examination, defense counsel inquired why she had never reported her suspicions to any authority, and the aunt explained that she had remained silent out of fear of the appellant. On redirect examination by the state, the prosecutor asked her exactly why she had been afraid of the appellant, and she replied: "I was afraid of him because at one time he told me he would throw me down the stairs; and another time he told me if he could get away with killing me, he would; and then another time he took all my clothes and he burnt them up, and let the tires out of my car; and then one night he tore my panties off and slapped me and he went outside and burned them up, and plus that, another time when I left home I went to my niece house and he came there after me, so my sister and a friend had to intervene to keep him from harming me."

The appellant contends that the state thus impermissibly placed his character into issue. However, the appellant obviously opened the door for the aunt's testimony explaining her fear, and it is of no avail now to plead that he did not intend to open the door so wide. Compare *Phillips v. State*, 254 Ga. 370 (329 SE2d 475) (1985).

3. Under the indictment the appellant was charged with fondling the child's genital area, and with having performed an act of oral sodomy upon the child. The child's testimony established that the appellant completed these acts on at least two separate occasions. Contrary to the appellant's contention, the evidence certainly was sufficient for a rational trier of fact to find the appellant guilty beyond a reasonable doubt on both counts of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED MARCH 21, 1986.

*Robert L. Crowe*, for appellant.
*Glenn Thomas, Jr., District Attorney*, for appellee.