43498. APPLEBY v. THE STATE.
(348 SE2d 630)

CLARKE, Presiding Justice.

The appellant was convicted of murder by a jury in Jackson County for the stabbing death of Jerry Bailey. On appeal he raises error in the introduction of photographs of the victim, restriction of

---

cross-examination and redirect examination of certain witnesses and the sufficiency of the evidence of murder.[1]

The appellant and victim had been friends, and the victim and his girl friend had lived in appellant's home for a short time. This living arrangement had led to an argument based on the appellant's claim for unpaid rent due to him from the victim.

On May 3, 1982, the appellant took the victim and his girl friend to town to cash the victim's Social Security check for $100. When the victim got the cash he went over to appellant's car and gave him $60.

The evidence shows that appellant was not satisfied with the $60 payment and an argument concerning the money and the affections of the girl friend began. The girl friend testified that the victim struck the first blow with his fist. The appellant pulled a knife and stabbed the victim at least three times. The cause of death was internal bleeding from several arteries in the chest. According to witnesses the appellant was leaning on the victim and was stabbing him as the victim tried to retreat. The appellant contended he thought the victim had a gun and he was acting in self-defense, although he admitted he never saw another weapon; no other weapon was found on the victim or at the scene.

1. We reject the contention that the state's evidence would only support a verdict of voluntary manslaughter. The jury was instructed on voluntary manslaughter and chose to find the accused guilty of malice murder. Our review of the record supports the finding that the evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The state introduced five photographs of the victim's body and the appellant argues this was error demanding reversal. The photographs each show the locations of different wounds inflicted on the victim by appellant's knife. These were not photographs made during or after autopsy and *Brown v. State*, 250 Ga. 62 (302 SE2d 347) (1983), decided after the trial in this case, does not apply. The nature and location of the wounds were relevant and the photographs were properly admitted. *Lamb v. State*, 241 Ga. 10 (243 SE2d 59) (1978); *Brown*, supra.

3. Appellant enumerates as error the trial court's sustaining a hearsay objection while defense counsel was cross-examining a police officer who investigated the stabbing. He contends that the testimony sought to be elicited was original evidence of the officer's motives,

---

[1] The jury returned its verdict on September 29, 1982. A motion for new trial was filed on October 22, 1982. The transcript was certified by the court reporter on May 16, 1984, and filed in the superior court on June 11, 1985. The motion for new trial was denied on January 16, 1986. The notice of appeal was filed January 16, 1986. The case was docketed with this court on May 7, 1986, and submitted for decision on briefs on June 20, 1986.

OCGA § 24-3-2, and therefore admissible. *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982). Defense counsel asked the officer what an alleged witness had told him she had seen. It has not been shown that the motives or any conduct of the investigating officer were relevant to any issue in the case and we find no error. See *Teague v. State,* 252 Ga. 534 (314 SE2d 910) (1984).

4. The appellant further contends the trial court erred in restricting defense counsel's attempt to rehabilitate a character witness on redirect examination. Specifically, counsel asked his witness whether she thought the defendant was the kind of person who would stab an unarmed man. This is not the proper method of establishing good character, nor was it merely asking the witness to explain her answers on cross-examination. The test on deciding the scope of redirect is whether the court abused its discretion, *Maher v. State,* 239 Ga. 305 (236 SE2d 647) (1977), and here we find no abuse and no error.

5. After the charge to the jury, defense counsel replied in the negative when asked if there were exceptions to the charge. This action results in a waiver of the right to appeal an error in the charge. *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 1986.

*Jerry C. Gray,* for appellant.

*Timothy G. Madison, District Attorney, T. David Motes, John G. Wilbanks, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.

