## 74969. SHEFFIELD v. THE STATE.
(361 SE2d 28)

BEASLEY, Judge.

From a jury conviction and sentence for driving under the influence of alcohol, OCGA § 40-6-391 (a) (2), defendant appeals with respect to matters of evidence. The first two enumerations complain of the admission of evidence that he refused the state-administered breath test. The third complains of the exclusion of evidence of the results of the administrative hearing. The fourth challenges the admission of evidence of defendant's prior driving record.

1. Defendant moved in limine for the exclusion from trial of evidence that he refused to submit to a state-administered test for alcohol in his blood which is required by OCGA § 40-5-55. He reasoned that it was inadmissible because the hearing he requested pursuant to subdivision (d) of that code section ended in dismissal of the Department of Public Safety's action to suspend his license for the alleged refusal. This dismissal, he contended, rendered any evidence of his refusal inadmissible because to admit it would deny due process and equal protection, would constitute double jeopardy, would constitute res judicata, and would preclude a fair and impartial trial, all as guaranteed by the United States and Georgia constitutions.

The court found that the Department's action was dismissed because the arresting officer did not appear for the administrative hearing, concluded that this did not make evidence of refusal inadmissible, denied the motion in limine, and permitted the evidence of refusal at trial. On appeal, defendant concentrates on the argument that the dismissal constituted res judicata on the issue of refusal so the state could not go behind the dismissal and offer the evidence of refusal.

OCGA § 40-6-392 (c) provides that refusal to take the required test is admissible in any criminal trial. See also *Wessels v. State*, 169 Ga. App. 246 (312 SE2d 361) (1983). There was no determination at the administrative hearing that defendant did or did not refuse the test. The administrative sanction of license suspension was allayed for the reason that the officer who could testify about the matter was absent; this did not establish that defendant did not refuse the test. The dismissal was irrelevant to the question of refusal *vel non* and to the question of the admissibility of evidence of refusal. See in this connection *Wyatt v. State*, 179 Ga. App. 327 (1) (346 SE2d 387) (1986), where refusal was deemed admissible despite the fact that the administrative action for license suspension was aborted by the of-

ficer's absence from the hearing.

Moreover, "[t]he proceedings to suspend the appellant's driving privileges in these cases are strictly civil or administrative in nature since no criminal consequences result from a finding adverse to the [licensee]." *Cogdill v. Dept. of Public Safety*, 135 Ga. App. 339, 340 (217 SE2d 502) (1975). Thus, their outcome does not control the admissibility in the criminal trial of evidence of refusal pursuant to OCGA § 40-6-392 (c).

Since defendant had not "prevailed" on the issue of refusal in the res judicata sense which he urges, the denial of the motion in limine and the admission of refusal evidence did not subject him to unconstitutional prejudice, double jeopardy, or unfairness at trial as he conclusorily argues.

2. On objection, the court refused to allow defendant to give evidence of the results of the administrative action. This was not error because the dismissal of the action on account of the officer's absence was not probative of the issue of refusal or of the ultimate issue of intoxicated driving. *Wyatt v. State*, supra at 328.

3. Lastly, defendant claims a violation of OCGA § 24-9-20 (b) by the admission of his prior driving record because he did not first put his character in issue. However, there was no error. Defendant himself introduced the subject by implying in an unresponsive answer on direct examination that he had a clear record for 25 years, thus allowing cross-examination to impeach this statement, and then by partially reneging on the statement by volunteering unresponsively to a state's question with some but not all of the truth.

Defendant was asked during direct examination whether he was unsafe on the road the night of his arrest. He responded: "No, sir, I been driving for 25 years and I ain't had no wrecks or nothing and I hadn't had no wreck or nothing that night. I don't believe I was driving unsafely." The state argued that it should be permitted to cross-examine on defendant's driving record because defendant had given a false impression. The court ruled that it would permit such cross-examination.

In approaching the subject, the state asked defendant: "You testified earlier before you've been driving for 25 years and never had any wrecks or nothing?" Defendant responded: "I never had any wrecks. Now, the 'or nothing,' I been stopped a few times." This admission, which conflicted with the earlier statement, prompted the state to challenge its meaning by asking about two prior DUI convictions and several speeding violations, which defendant admitted. A printout of defendant's driving record was also then admitted.

By bringing the subject up himself, defendant gratuitously opened the door for exploration of his driving history, "and it is of no avail now to plead that he did not intend to open the door so wide."

*Grant v. State,* 178 Ga. App. 398, 399 (2) (343 SE2d 422) (1986). In addition, at least the first statement offered by defendant entitled the state to impeach it by evidence of his prior driving record. *Porter v. State,* 254 Ga. 388, 389 (2) (330 SE2d 94) (1985).

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED SEPTEMBER 9, 1987.

*H. Burton Crews, Jr.,* for appellant.
*John C. Carbo III, Solicitor,* for appellee.