## 76223. JOHNSON v. THE STATE.
(366 SE2d 409)

DEEN, Presiding Judge.

Matthew Johnson brings this appeal from his conviction of child molestation. Here appellant was step-uncle of the victim. Compare the case involving " 'if the father didn't break the daughter in the stepfather should.' " *Grant v. State,* 178 Ga. App. 398, 399 (343 SE2d 422) (1986). Among many other acts of mental and physical abuse, she was forced to "take his penis in her mouth." She "felt something wet and sticky." She described the substance "between her legs as white." It is contended here that the trial court erred in permitting the state's expert witness, a pediatrician, to testify as to her opinion regarding whether or not the victim had been molested. *Held:*

The evidence showed that Dr. Ann Fleming testified that when she was asked to make a medical examination of a child to determine whether or not the child has been molested, she usually talks to the child alone and also talks to whoever accompanies the child to the examination. In the instant case, the doctor testified that she knew that the child had already been questioned by several people and was seeing a counselor, so she talked with the child's mother outside her presence. As a result, the history she obtained from the child was briefer than usual because she felt the child's story was well documented. Dr. Fleming testified as to her physical findings and was then asked if she had an opinion as to whether or not the child had been sexually abused. She responded, "Yes." Upon objection, the district attorney re-phrased the question and asked, "Based on your medical

exam, do you have any opinion as to whether or not there has been any activity in the area between her legs?" The doctor replied, "Yes." Q. "What is that opinion?" A. "I suspect she was probably molested." Defense counsel's objection was overruled.

In *State v. Butler*, 256 Ga. 448, 450 (349 SE2d 684) (1986), this same witness was held to be competent as an expert, "a pediatrician with expertise in child molestation . . . [whose] opinion was one of fact, and was not inadmissible as a legal conclusion . . . [T]he fact that her testimony indirectly, though necessarily, involved the child's credibility does not render it inadmissible." In the instant case, the doctor was aware that the child had reported being sexually abused and was testifying that her findings were not inconsistent with the child's report of being molested by her uncle. *Allison v. State*, 256 Ga. 851, 853 (353 SE2d 805) (1987), relied upon by appellant, is not controlling on this issue. In that case the Supreme Court, while fully cognizant of its holding in the *Butler* case, held that a clinical psychologist who administered a battery of psychological tests to the child victim could not testify that, in his professional opinion, the child had been sexually abused because the jury had "the benefit of extensive testimony as to the lineaments of the child abuse syndrome, as well as testimony that this child exhibited several symptoms that are consistent with the syndrome [they were] fully capable of deciding — upon their own — whether the child *in fact* was abused, and, if so, whether [the defendant] did it." In the instant case, the pediatrician testified that her medical findings based upon a pelvic exam were unusual; the child's hymen was unusually elastic for a ten-year-old, and she was able to voluntarily relax her vaginal muscles when requested to do so. This latter finding is highly unusual in a child of ten, and both findings formed the basis for Dr. Fleming's opinion that the child had probably been molested and possibly penetrated. There was no other testimony which would have enabled the jury to reach this conclusion on its own.

*Judgment affirmed. Carley and Sognier, JJ., concur in the judgment only.*

DECIDED FEBRUARY 25, 1988.

*Roger L. Curry*, for appellant.

*Thomas J. Charron*, District Attorney, *Nancy I. Jordan*, Assistant District Attorney, for appellee.