## 45929. FIELDS v. THE STATE.
(372 SE2d 811)

WELTNER, Justice.

Alvin Fields shot and killed his brother-in-law, Terry Williams, with a handgun. Fields' wife, Tammy Williams, separated herself from Fields, and Fields undertook a search for her. During his search he encountered his brother-in-law, who was playing cards with three other persons. Williams disclaimed any knowledge of his sister's whereabouts and continued to play cards. Williams warned Fields not to anger him. Fields then produced a pistol and shot Williams one time in the throat, causing his death.

Fields later contended that Williams dropped one of his hands to his side, and that this movement caused him to believe that Williams would draw a weapon. At trial, the three card players testified that Williams was unarmed, that he had not moved his hands from the card table, that he did not attempt to get up, that he did not stop playing cards, and that he made no threat toward Fields. A jury found Fields guilty of malice murder, and he was sentenced to life imprisonment.[1]

1. The trial court instructed the jury in language almost identical to the language of OCGA § 16-2-1. "A crime is a violation of a statute in this state in which there shall be a union or joint operation of an act or omission to act and intention or criminal negligence."[2] The charge continued: "I instruct you that intent or criminal negligence is an essential element of any crime and must be proved by the State beyond a reasonable doubt." This last sentence, while not contained in the code section, is not in conflict with it, and is a correct statement of the general criminal law of this state. Fields contends that he

---

[1] The crime was committed on September 19, 1987, and Fields was indicted on February 1, 1988. Fields was found guilty on March 30, 1988, and he was sentenced on the same date. He filed his motion for new trial on April 11, 1988, and this motion was denied on April 29, 1988. He filed his notice of appeal on May 20, 1988. The trial transcript was certified by the court reporter on June 6, 1988, and the transcript of record was filed in this court on June 24, 1988. The appeal was submitted to this court without argument August 15, 1988.

[2] OCGA § 16-2-1 reads as follows: "A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence."

was prejudiced by the charge because the clear implication was that a negligent act could form the basis for a conviction for murder. There was no evidence that Fields committed a negligent act which was in any way connected to the shooting. The four eyewitnesses to the shooting, including Fields, testified that the shooting was intentional. The charge was not error.

2. Fields' sole defense was justification, and had his testimony been believed by the jury he could have been acquitted. The trial court gave his requested charge on justification with the exception of the last sentence of the request: "The State has the burden of proving beyond a reasonable doubt that the Defendant did not act in self-defense." Fields relies on *State v. Shepperd*, 253 Ga. 321, (320 SE2d 154) (1984), to demonstrate the failure to charge the last sentence of the request constitutes reversible error. However, Fields has apparently overlooked the following portion of the charge:

> I charge you that an affirmative defense is a defense that admits the doing of the acts charged but seeks to justify, excuse or mitigate it. Once the issue of an affirmative defense is raised, *the burden is on the State to disprove it beyond a reasonable doubt.* [Emphasis supplied.]

This portion of the charge immediately preceded ten paragraphs dealing with the defense of justification.

"If a charge as a whole is complete it is not error to fail to charge in the exact language requested. [Cit.]" *Davis v. State*, 234 Ga. 730, 733, (218 SE2d 20) (1975). The charge as a whole was sufficient to inform the jury that the state had the burden of disproving the justification plea beyond a reasonable doubt. There was no error.

3. Fields asserts error in this portion of the charge: " '[I]f you find this defendant did kill this gentleman' that they should find him guilty." The trial court did not charge in this language. The charge was:

> So in this case, as to your form of your verdict, if you find that this defendant did kill this gentleman *as set forth in this bill of indictment*, then — and you find that beyond a reasonable doubt, then the form of your verdict would be, we the jury, find the defendant guilty. So you would just write the word guilty right here, date it, and have your foreperson to sign it right here. [Emphasis supplied.]

The indictment, which was read and submitted to the jury, states in part: the defendant Fields "did. . .unlawfully and with malice aforethought cause the death of Terry Williams, a human being, by shooting the said Terry Williams in the chest with a certain pistol. . . ."

There was no error in the trial court's charge.

4. After his appeal had been docketed in this court, Fields filed a pro se motion to amend his appeal to assert that his attorney, who is representing him in this appeal, had rendered ineffective assistance at the trial phase of this matter. Because of the procedural posture of this claim, we do not address it.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 20, 1988.

*Jack E. Carney, Jr.,* for appellant.

*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.