46264. ROE v. STATE FARM FIRE & CASUALTY COMPANY.
(376 SE2d 876)

CLARKE, Presiding Justice.

Appellant Roe was convicted of sexually molesting a neighbor's minor daughter. State Farm brought a declaratory judgment action to determine its obligation to defend Roe, its insured, in a civil action arising out of the molestation. State Farm contended that it had no obligation to defend or provide coverage because the insurance policy excludes coverage for bodily injury that is "expected or intended by an insured."[1] Roe argued that his deviant sexual behavior was caused by an obsessive compulsion and that he did not consider the effect his actions would have on the child. He asserted that he neither expected nor intended to injure her. The trial court granted State Farm's motion for summary judgment, holding that the injuries resulting from the repeated molestations were expected or intended as a matter of law. The Court of Appeals affirmed. *Roe v. State Farm Fire &c. Co.,* 188 Ga. App. 368 (373 SE2d 23) (1988). We affirm.

This case is distinguished from *State Farm Fire &c. Co. v. Morgan,* 258 Ga. 276 (368 SE2d 509) (1988), because here the insured does not deny the intent to commit the act complained of. He relies on a lack of intent to inflict bodily injury. This contention is supported only by the testimony of the insured. Under these circumstances, we hold that the trial court did not err in finding insufficient credible evidence to create a substantial issue of material fact. Child molestation and the injury caused by it are so closely tied as to be virtually inseparable. Except in the strongest of factual situations, intent to commit this act carries with it the intent to inflict the injury. We hold that intentional child molestation carries with it a presumption of intent to inflict injury. This presumption is not rebutted by the presentation of the insured's own self-serving testimony.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

---

[1] State Farm relies exclusively on the exclusion clause, not on the absence of coverage under any of the coverage sections or on any public policy.

*Lokey & Bowden, Hamilton Lokey, K. Scott Graham, Daniel McGinnis,* for appellant.
*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Kent K. Carter,* for apppellee.