A90A0163. ALLSTATE INSURANCE COMPANY v. JARVIS et al.
(393 SE2d 489)

DEEN, Presiding Judge.

Gene L. Jarvis entered a guilty plea to sexually molesting the minor son of one of the parishioners of the church where he served as Minister of Music and received a ten-year probated sentence. The child, through his guardian ad litem, brought an action against Jarvis for past and future physical and mental pain and suffering. Jarvis tendered the complaint to Allstate, his homeowner's insurance carrier, along with a demand that it assume his defense and pay any judgment arising from the lawsuit. Allstate filed a petition for a declaratory judgment and a motion for summary judgment, contending that it had no obligation to defend or provide coverage because the policy excluded coverage for "bodily injury . . . which may reasonably be expected to result from the intentional or criminal acts of an insured

person or which are in fact intended by the insured person." The trial court denied the motion, holding that intent to commit bodily injury is a jury question because, while Jarvis admitted intending to commit the acts, his psychologist stated that he was a pedophile and incapable of forming the intent to inflict injury upon the child. *Held*:

In *Roe v. State Farm Fire &c. Co.*, 188 Ga. App. 368, 369 (373 SE2d 23) (1988), this court noted that Georgia's statutes "prohibiting child molestation (OCGA § 16-6-4) and enticement of children for indecent purposes (OCGA § 16-6-5) were promulgated by the Legislature as part of a general statutory scheme to protect children under the age of 14 from physical and psychological damage resulting from sexual exploitation. [Cit.] In adopting this legislation, the Legislature made the common-sense recognition that inherent in every act is the element of harm." In affirming at 259 Ga. 42 (376 SE2d 876) (1989), the Supreme Court found that the offense of child molestation carries with it a presumption of intent to inflict injury which is not rebutted by an insured's own self-serving testimony.

In the instant case, we are presented with the issue of whether a psychologist's testimony may rebut the presumption of intent to harm. This is an issue of first impression in Georgia.

In California, where this issue has been raised several times on appeal, the 9th Circuit Court of Appeals, in *State Farm Fire &c. Co. v. Estate of Jenner*, 856 F2d 1359, 1365 (1988), took the position that acts of child molestation "are willful as a matter of law *unless* the insured presents credible evidence that he did not intend to harm his victim." The court, however, reversed its position after granting a petition for rehearing and vacated its decision after *Fire Ins. Exchange v. Abbott*, 251 Cal. Rptr. 620 (1988), was decided while the rehearing petition was pending. In *Abbott* at 628, the court examined the applicable case law from other jurisdictions and found that most jurisdictions favor the insurer. The *Abbott* court noted that most courts infer a specific intent to injure as a matter of law, and that some opinions, such as *Allstate Ins. Co. v. Kim W.*, 206 Cal. Rptr. 609 (1984), "bolster this mandatory inference by surmising that the Legislature penalized sexual misconduct with minors [because of] its inherent harmfulness. [Cit.]," and that "[s]ome of these opinions disregard not only the insured's denial of an intent to injure, but [also] psychiatric evidence to the same effect." The court then found that the psychiatric testimony as to subjective intent to injure the victim was irrelevant because "[v]irtually none of the testimony was concerned with disproving that [the] insured intended to perform the acts constituting criminal sexual misconduct or that Abbott lacked the specific intent required by [the] Penal Code." Id. at 630. In *State Farm Fire &c. Co. v. Abraio*, 874 F2d 619, 623 (9th Cir. 1989), the court found that under *Abbott* the presumption of intent to harm is irrebuttable.

In Florida, the intermediate appellate courts were divided on the application of the subjective standard. In *Landis v. Allstate Ins. Co.*, 546 S2d 1051 (Fla. 1989) the issue was resolved when the court held that proof of subjective intent is not necessary to invoke an intentional acts policy exclusion. "To state that a child molester intends anything but harm and long-term emotional anguish to the child defies logic." Id. 1053. In other words, child molestation is one of those acts which is "so extreme that public policy does not permit them to be insured." *State Farm Fire &c. Co. v. Huie*, 666 FSupp. 1402, 1405 (N.D. Cal. 1987).

An analysis of the relevant case law from other jurisdictions when it is applied to the public policy of Georgia, as stated in *Roe v. State Farm Fire &c. Co.*, supra, convinces us that the rules set forth in California and Florida also apply in sexual molestation cases in Georgia and that coverage is not afforded under Jarvis' homeowner's insurance policy. Appellees' argument ardently articulated advancing the idea that since having admitted committing the acts he nevertheless was incapable of forming criminal intent because of his status as an acknowledged pedophile has been previously rejected by this court. In the case of *In the Interest of C. M.*, 172 Ga. App. 757 (324 SE2d 581) (1984) the father desired to continue an incestuous relationship because he thought it healthy and beneficial. He wanted to marry the daughter and for her to have his baby. We affirmed the trial court's termination of parental rights. Compare *Grant v. State*, 178 Ga. App. 398, 399 (343 SE2d 422) (1986) where defendant had remarked: " '[I]f the father didn't break the daughter in the stepfather should.' " His conviction was affirmed. In *Burger v. State*, 118 Ga. App. 328 (163 SE2d 333) (1968), eight judges on this court held that "A plea of chronic alcoholism is not available as a defense to a charge of drunkenness." It was further observed at 332: "And why not accept a plea of pyromania by an arsonist, or kleptomania by a thief, or nymphomania by a prostitute, or a similar plea of impulse and non-volitional action by the child molester? . . . This Pandora's box had best be left alone for now." Our previous court positions are in accord with our holding in the instant case under consideration. Accordingly, the trial court erred in denying Allstate's motion for summary judgment.

*Judgment reversed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

The homeowner's policy in *Roe v. State Farm Fire & Cas. Co.*, 188 Ga. App. 368 (373 SE2d 23) (1988), aff'd 259 Ga. 42 (376 SE2d 876) (1989) excluded coverage for bodily injury "expected or intended by the insured." This related only to the actual expectation or the actual intention of the particular insured whose act caused injury to

one who sought to hold the insured personally liable for the damages. The Supreme Court recognized a distinction between intent to commit the act and intent to inflict bodily injury. It created a rebuttable, not a conclusive, presumption that the presence of the first carried with it the presence of the second. The sole evidence of intent in that case was "the insured's own self-serving testimony." Although subjectivity[1] was at issue because of the wording of the policy, this evidence was held insufficient as a matter of law to overcome the presumption and the insurer was relieved of coverage.

The policy provision in the instant case is not identical. It does not focus alone on the insured's intent in fact to bodily injure another. It excludes coverage more broadly. Cf. *State Farm Fire &c. Co. v. Morgan*, 258 Ga. 276 (368 SE2d 509) (1988). Criminal intent itself thus is sufficient to exclude coverage under this policy.

The policy additionally provides that even where the insured did not have, in fact (that is to say, no *actual*), intent to injure, acts are excluded from coverage if they may "reasonably be expected to result . . . ." The more universal objective test rather than the subjective intent of the insured pertains to this branch of the exclusion.[2] The psychologist's testimony, if it provides evidence of the sort contemplated by the Supreme Court in *Roe* when it made the presumption rebuttable, does not create an issue of fact as to what may reasonably be expected.

Nor does it address criminal intent which, because of the language of the policy, is relevant in this civil proceeding inasmuch as acts are excluded from coverage in yet a third category: if they are criminal. In this case, the presence of the specific criminal intent required by OCGA § 16-6-4 (a) is admitted by the insured's plea of guilty to the charges of child molestation.

For these reasons, I concur in the judgment.

DECIDED APRIL 9, 1990.

*Kent & Barrow, R. Stephen Sims*, for appellant.

---

[1] "Subjective" intent or expectation is meant because the policy states: "expected or intended *by the insured*." In this sense, "subjective" means "of, relating to, or being whatever in experience or knowledge is conditioned by merely personal characteristics of mind or by particular states of mind as opposed to what is determined only by the universal conditions of human experience and knowledge; peculiar to a particular individual modified by individual bias and limitations." Webster's Third New Intl. Dictionary, Unabridged, pp. 2275-2276.

[2] "Objective" in this sense is defined as "publicly or intersubjectively observable or verifiable especially by scientific methods; independent of what is personal or private in our apprehension and feelings; of such nature that rational minds agree in holding it real or true or valid." Webster's Third New Intl. Dictionary, Unabridged, pp. 1555-1556.

*Penny J. Haas, Charles R. Ashman, Jeffrey W. Lasky,* for appellees.