## S91A0491. DETERS v. THE STATE.
(402 SE2d 733)

WELTNER, Justice.

Joe Deters shot and killed Philip Reynolds with a handgun. He was convicted of malice murder, and was sentenced to life imprisonment.[1]

Reynolds, in his home, argued violently with two of Deters' friends and threatened one of them with a handgun. Later, Deters and one of the friends returned and took from Reynolds an assault rifle and two handguns. Upon Reynolds' subsequent threat of armed violence if his weapons were not returned, Deters and his friends returned with the weapons to Reynolds' home. Deters took the weapons inside and shot Reynolds fatally in the back of his head. He fled, and later used an assumed name.

1. The evidence is sufficient to permit a rational trier of fact to find Deters guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Deters contends that the evidence presented by the state was insufficient to rebut his claim of self-defense beyond a reasonable doubt. See *Fields v. State*, 258 Ga. 595 (2) (372 SE2d 811) (1988) and cit.

(b) The state carried its burden of proof of Deters' guilt, as held in Div. 1, supra. It carried its burden of rebutting Deters' claim of self-defense beyond a reasonable doubt by evidence that Reynolds was shot from behind at arm's length, the numerous inconsistent statements of Deters and his friend Shelton, and by evidence of Deters' flight.

3. (a) Deters enumerates as error the exclusion of evidence of the victim's suicidal bent of mind. He argues that the evidence would tend to explain why Reynolds would accost the defendant (who was armed), and would demonstrate Reynolds' bent of mind toward aggression. Deters was permitted to present other evidence of Reynolds' general character for violence.

(b) In *Wilbanks v. State*, 165 Ga. App. 876, 879 (4) (303 SE2d

---

[1] The homicide occurred on January 16, 1990. Deters was convicted on June 25, 1990, and was sentenced on the same date. His motion for new trial was filed on July 20, 1990, amended on October 11, 1990, and denied on October 16, 1990. A notice of appeal was filed on November 15, 1990. The appeal was docketed on January 9, 1991. Oral arguments were heard on March 12, 1991.

144) (1983), the Court of Appeals held:

> Where the proffered evidence is cumulative of other evidence from which the jury might or might not draw a certain inference, to exclude that evidence is not error.

In *Hicks v. State*, 256 Ga. 715, 720 (13) (352 SE2d 762) (1987), we held that:

> relevant evidence "may be excluded if its probative value is substantially outweighed by . . . considerations of . . . needless presentation of cumulative evidence."

There was no harmful error.

4. (a) Deters asserts that the trial court's charge on flight was reversible error, citing *Renner v. State*, 260 Ga. 515 (3b) (397 SE2d 683) (1990).

(b) In *Appleby v. State*, 256 Ga. 304 (5) (348 SE2d 630) (1986) we held:

> After the charge to the jury, defense counsel replied in the negative when asked if there were exceptions to the charge. This action results in a waiver of the right to appeal an error in the charge. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980).

Furthermore, *Renner*, supra, provides that its holding is prospective to cases tried after January 10, 1991. Id. fn. 2 at 518. Hence, it is inapplicable to this case.

5. (a) Deters enumerates as error the trial court's instruction concerning "parties to a crime" in connection with the charge of homicide. He argues that this was confusing to the jury.

(b) This enumeration also has been waived. *Appleby v. State*, 256 Ga. 304 (5), supra.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 11, 1991.

*Jeffrey R. Sliz*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines*, for appellee.