A93A1966. STINSON et al. v. ALLSTATE INSURANCE COMPANY et al.
(441 SE2d 453)

JOHNSON, Judge.

While under the influence of drugs and alcohol, Richard Patrick Kaminski fired a high-powered hunting rifle seven times through the front door of the house in which his sister and former wife lived. One of the bullets hit and instantly killed Timothy Stinson, a cousin of his former wife. Kaminski pled guilty to one count of involuntary man-

slaughter and two counts of aggravated assault. Subsequently, John and Winifred Stinson, the parents of the deceased, brought a wrongful death action against Kaminski indirectly seeking recovery under a homeowner's insurance policy issued by Allstate to Kaminski's parents, with whom Kaminski allegedly lived at the time of the shooting. Allstate filed this declaratory judgment action, asserting that there is no coverage under the policy for the criminal acts committed by Kaminski while he was a resident of his parents' household. Following a jury trial, the court entered judgment on the jury's verdict, which found that Allstate has no duty to defend or indemnify its insured, Richard Patrick Kaminski, in any suit or for any damages arising from an incident in which Timothy Stinson sustained fatal injuries. The Stinsons appeal.

1. In their first enumeration of error, the Stinsons assert that the trial court erred "in failing to construe the exclusionary clause against the insurer by instructing the jury that coverage is excluded only if the insured (Kaminski) should have known that injury would have likely resulted from acts which were intentional or criminal on his part."

The exclusion in the policy is stated as follows: "**We** do not cover any **bodily injury** or **property damage** which may reasonably be expected to result from the intentional or criminal acts of an **insured person** or which are in fact intended by an **insured person**." The Stinsons and their co-defendants argued to the trial court that the language of the exclusion means that the bodily injury or property damage had to be reasonably expected *by the actor who committed* the intentional or criminal act. Stated differently, "[w]ould Kaminski have reasonably expected bodily injury or property damage to result from his intentional or criminal acts?" Allstate argues that the exclusion does not ask whether the insured reasonably expected the injury or property damage, but rather whether *an objective factfinder* would have reasonably expected the injury or damage to occur as a result of the insured's acts. Stated differently, "Would an objective person reasonably expect injury or damage to result from the intentional or criminal acts of the actor?"

The trial court found that particular language of the exclusion to be ambiguous and submitted the issue to the jury. This particular part of the exclusion has not been analyzed in detail by this court as far as our research reveals. However, in construing *the same exclusion*, Judge Beasley noted in her special concurrence in *Allstate Ins. Co. v. Jarvis*, 195 Ga. App. 335 (393 SE2d 489) (1990) that "[t]he policy additionally provides that even where the insured did not have, in fact (that is to say, no *actual*), intent to injure, acts are excluded from coverage if they may 'reasonably be expected to result. . . .' The more universal objective test rather than the subjective intent of

the insured pertains to this branch of the exclusion." Id. at 338. The majority's discussion in *Jarvis*, however, focuses upon the second phrase of the exclusion and the question of whether, under the facts of that case, the act itself was intentional or criminal. It allows a jury to consider an expert witness' testimony regarding the state of mind of the insured.

We do not agree with the trial court in its finding that the phrase at issue in this case is ambiguous. The common understanding of the words "which may reasonably be expected to result from the intentional or criminal acts of an insured person" clearly creates a universal objective standard, as Judge Beasley noted in *Jarvis*. Therefore, this phrase being unambiguous, and its plain meaning being that urged here by Allstate, the refusal of the trial court to instruct the jury as the Stinsons requested was not error. The jury was thus properly allowed to determine whether the injury sustained by Stinson was to be reasonably expected from the act of firing a rifle seven times through a closed door from the perspective of the "reasonable person," acting in the same or similar circumstances as Kaminski, a completely familiar objective standard in tort law. Furthermore, the court did charge the jury on the general principle that contracts of insurance are to be construed or interpreted most strongly against the insurer, particularly where the insurer denies coverage based upon a policy exclusion.

2. Appellants assert that the trial court erred in refusing to give two requested charges, numbers 13 and 15, in their entirety.

(a) Proffered charge number 13 reads: "I charge you that if you find that because of the influence of alcohol, drugs or narcotics Richard Patrick Kaminski's mind became so impaired as to render him incapable of intentionally doing the act charged or of understanding that a certain consequence would likely result from it, then your verdict must be in favor of the defendants. Whether or not Richard Patrick Kaminski was capable of intentionally doing the act charged or of understanding the consequences of said act is a question for you to determine." Appellants suggest that the proffered charge comes from *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377 (364 SE2d 62) (1987). The trial judge deleted the first sentence of the proffered charge when it was read to the jury.

One reading of the sentence, "[I]f you find that because of the influence of alcohol, drugs or narcotics Richard Patrick Kaminski's mind became so impaired as to render him incapable . . . of understanding that a certain consequence would likely result from it, then your verdict must be in favor of the defendants" construes the exclusion in accordance with the defendants' theory of the case, which, for the reasons discussed in Division 1 above, the trial court correctly refused to do. Reading the first sentence in its alternative form, "if you

find that because of the influence of alcohol, drugs or narcotics Richard Patrick Kaminski's mind became so impaired as to render him incapable of intentionally doing the act charged . . . then your verdict must be in favor of the defendants" misstates the specific language of the policy at issue in this case, which specifically excludes coverage for criminal as well as intentional acts. "If *any portion* of a requested charge is inapt, incorrect, misleading, confusing, argumentative, not precisely adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper. [Cits.]" (Emphasis in original.) *Morris v. State Farm Mut. Auto. Ins. Co.*, 203 Ga. App. 839 (1) (418 SE2d 119) (1992). The trial court did not err in refusing to give the requested charge in its entirety.

(b) Requested charge 15 states: "I charge you that one commits intentional or criminal acts when the actor desires to cause certain consequences or the actor believes that certain consequences are substantially certain to result from his acts, but mere knowledge and appreciation of risk, short of substantial certainty is not the equivalent of such intentional or criminal act." In their brief, appellants assert that this statement of law is from *Pennsylvania Millers Mut. Ins. Co. v. Crews*, 184 Ga. App. 492 (361 SE2d 657) (1987). One judge specially concurred, and four judges dissented in *Pennsylvania,* and therefore it is not binding authority. Furthermore, the discussion of intent in the *Pennsylvania* case is limited to the context of intent with respect to tort and does not make any reference to intent with respect to criminal acts. The charge as requested goes beyond the holding of the case it purports to control the issue. The trial court did not err in refusing to give it. *Morris v. State Farm Mut. Auto. Ins. Co.*, supra at (2).

3. Appellants' assertion that the trial court erred in giving Allstate's requested charges 4 and 5 is not supported in their brief by argument or citation of authority and is therefore deemed abandoned in accordance with Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 11, 1994 —
RECONSIDERATION DENIED FEBRUARY 25, 1994 —

*Sell & Melton, Russell M. Boston,* for appellants.
*Thompson & Smith, Larry I. Smith,* for appellees.