### A04A0322. IZZO v. THE STATE.
(592 SE2d 915)

ELDRIDGE, Judge.

A Fayette County jury found Michael Izzo guilty of simple battery and obstruction of an emergency telephone call, which charges arose pursuant to a domestic violence incident between Izzo and his girlfriend, Emily Johnson, at Johnson's residence on Broken Bow Lane in the Shiloh Mobile Home Park in Fayetteville. He appeals, claiming the trial court erred in permitting the prosecutor to ask leading questions of the victim; in permitting the State to introduce impermissible character evidence; and by failing to grant his motion for a directed verdict based upon the sufficiency of the evidence. Upon careful review, we find no merit to the enumerated errors and affirm Izzo's conviction.

1. In his first enumeration, Izzo claims the trial court erred in permitting the prosecutor to ask the victim two leading questions, specifically "Were you shoved?" and "Were you grabbed?" However, the record shows that, although a "leading" objection was raised three questions later in reaction to a different response by the victim, no contemporaneous objection was made to the two questions about which Izzo now complains. "[Izzo] was required to make a contemporaneous objection to the complained-of testimony in order to preserve this point of error for appellate review."[1]

2. Next, Izzo contends the State improperly introduced his character into evidence by permitting the victim to testify about why Izzo owed her money. Our review of the record finds no error in the admission of this evidence.

On cross-examination, defense counsel first raised the issue that Izzo owed the victim money; defense counsel further questioned the victim about her alleged "ownership" of the items contained in her residence, although many of the items had been obtained by Izzo. Also, in order to attack the victim's veracity with regard to an evic-

---

[1] *Hayward v. State*, 258 Ga. App. 566, 569 (2) (a) (574 SE2d 646) (2002).

tion notice she had obtained to keep Izzo out of her residence, defense counsel elicited testimony from the victim that, even after she had obtained the eviction notice, she permitted Izzo to enter her home to help with different jobs around the house.

On redirect, the victim testified that she kept many of the items in the house and permitted Izzo to work at the house as repayment for money Izzo owed her. When asked why Izzo owed her money, the victim testified that,

> [w]hen we lived together, I worked. He didn't. I paid for everything. . . . I worked full-time. He lived there. He didn't. He was — he didn't work. Every time he got a job, he would lose it. He couldn't — .

Although Izzo now complains about this testimony, "the appellant obviously opened the door for the [victim's] testimony explaining her [conduct], and it is of no avail now to plead that he did not intend to open the door so wide."[2] Since the complained-of testimony covered issues raised on cross-examination, we find no abuse of discretion in the trial court's decision to permit such testimony.[3] One cannot complain of a ruling that his own trial tactics or conduct procured or aided in causing.[4]

Under this same claim of error, Izzo also complains about the victim's redirect testimony that he owed her money "[b]ecause he borrowed money. Took money. Stole it." As to this testimony, Izzo made a motion for mistrial. Out of the presence of the jury, the trial court clarified that the victim's testimony was that Izzo took money from her, not from anyone else. The court then denied the mistrial motion and ordered the State to "straighten that out with the first question when the jury returns." Thereafter, the prosecutor established before the jury that Izzo took money from the victim, no one else. Izzo's mistrial motion was not renewed. No further objection was made, and no other action requested. The victim's redirect testimony resumed, and on recross, Izzo's attorney established that Izzo took money from the victim "when you and he were together."

---

[2] *Grant v. State*, 178 Ga. App. 398, 399 (2) (343 SE2d 422) (1986); accord *Sheffield v. State*, 184 Ga. App. 141, 142-143 (3) (361 SE2d 28) (1987). See also *McWhorter v. State*, 271 Ga. 461, 463 (4) (519 SE2d 903) (1999) (cross-examination question opened the door for an explanation of the witness' conduct); accord *Azizi v. State*, 270 Ga. 709, 713 (4) (512 SE2d 622) (1999); *Holmes v. State*, 266 Ga. 530, 531 (2) (468 SE2d 357) (1996); *Bundrage v. State*, 265 Ga. 813, 815 (4) (462 SE2d 719) (1995); *Williams v. State*, 251 Ga. 749, 785 (312 SE2d 40) (1983); *Shepherd v. State*, 234 Ga. 75 (1) (214 SE2d 535) (1975); *Beasley v. State*, 202 Ga. App. 349 (1) (414 SE2d 663) (1991); *Halm v. State*, 125 Ga. App. 618 (1) (188 SE2d 434) (1972).

[3] *Appleby v. State*, 256 Ga. 304, 306 (4) (348 SE2d 630) (1986).

[4] *Thomas v. State*, 247 Ga. App. 798, 799 (1) (545 SE2d 354) (2001).

By failing to renew either his objection or his mistrial motion after the trial court took curative action [with regard to the victim's testimony], appellant has waived this enumeration on appeal.[5]

3. In his last claim of error, Izzo challenges the sufficiency of the evidence against him with regard to the trial court's ruling on his motion for directed verdict on Count 2 of the indictment, obstruction of an emergency telephone call in violation of OCGA § 16-10-24.3. He claims that there was no evidence of the specific intent required under the statute, i.e., that the obstruction occurred "with intent to cause or allow physical harm or injury to [the victim]."[6] We disagree.

The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve.[7]

So viewed, the evidence showed that Izzo and the victim had prior difficulties which included "acts of violence by Mr. Izzo against [the victim]." The victim testified that,

This has happened numerous times. I have called the police numerous times, but I have never followed through. We have two children. I have lived — in a way it's kind of embarrassing even to say that, what I have put up with in a relationship with him.

Many arguments between Izzo and the victim had been heard by their next-door neighbor prior to Izzo's eviction from the residence. On the incident date, Izzo entered the victim's residence "screaming," which fact was apparently captured on the 911 tape played to the jury. Izzo began "tearing up the house"; he began "dumping things out of the dresser." Izzo "was just throwing things and destroying [the victim's] things." Photographs in the record support this testimony. The victim's young son was "clinging to [her] side at the time all this

---

[5] *Williams v. State*, 272 Ga. 335, 337 (4) (528 SE2d 518) (2000); *Schirato v. State*, 260 Ga. 170, 172 (391 SE2d 116) (1990).

[6] OCGA § 16-10-24.3.

[7] *Bollinger v. State*, 259 Ga. App. 102 (1) (576 SE2d 80) (2003).

was happening." The victim testified that she was afraid. The evidence is that, when the victim attempted to call 911, Izzo "grabbed the phone, pushed her, and snatched the phone from the wall." He "smashed [the telephone] to pieces." The victim was able to complete a 911 call on her cellular telephone only because "Mr. Izzo's mother was there. She was holding Mr. Izzo back keeping him away from her." When the police arrived, the victim was "noticeably upset as if she had been traumatized to an extent."

"The intention with which an act is done is peculiarly for the jury."[8] We find the above-stated evidence sufficient for the jury to find beyond a reasonable doubt that Izzo physically obstructed the victim from completing a 911 call "with intent to cause or allow physical harm or injury to [her]."[9]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JANUARY 12, 2004.

*Cook, Lundy & Sanderson, Michelle G. Lundy, Catherine B. Sanderson,* for appellant.
*Steven L. Harris, Solicitor-General,* for appellee.

---

[8] (Citations and punctuation omitted.) *Eberhart v. State*, 241 Ga. App. 164, 165-166 (1) (526 SE2d 361) (1999).
[9] OCGA § 16-10-24.3; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).