A08A0310. THE STATE v. HARRIS.
(663 SE2d 830)

BERNES, Judge.

A Clayton County jury convicted Albert Ray Harris of obstructing/hindering an emergency telephone call in violation of OCGA § 16-10-24.3. Following trial, Harris timely filed a motion in arrest of judgment, contending that the state's accusation was legally defective in that it failed to allege the necessary element of intent for the offense. The trial court granted Harris's motion, from which the state appeals. For the reasons that follow, we affirm.

"A motion to arrest judgment due to a defective indictment should be granted only where the indictment is absolutely void." (Citation omitted.) *Campbell v. State*, 223 Ga. App. 484, 485 (3) (477 SE2d 905) (1996).[1] "The failure to charge a necessary element of the crime is a defect that will render an [accusation] void." (Citation omitted.) *Lowe v. State*, 276 Ga. 538, 539 (2) (579 SE2d 728) (2003).

---

[1] A motion in arrest of judgment attacking the legality of the accusation/indictment may be raised after entry of a verdict, even if there was no earlier objection. See *Brown v. State*, 181 Ga. App. 865 (354 SE2d 169) (1987).

In this case, the trial court granted Harris's motion in arrest of judgment based upon the state's failure to allege intent as a necessary element for the obstructing/hindering an emergency telephone call offense under OCGA § 16-10-24.3. We agree with the trial court's decision.

OCGA § 16-10-24.3 provides that

> [a]ny person who verbally or physically obstructs, prevents, or hinders another person *with intent to cause or allow physical harm or injury to another person* from making or completing a 9-1-1 telephone call or a call to any law enforcement agency to request police protection or to report the commission of a crime is guilty of a misdemeanor.

(Emphasis supplied.) Rather than reciting verbatim the language from the code section, the accusation charged Harris "with the offense of obstructing/hindering emerg[ency] telephone call" as follows:

> for that the accused, [Harris,] on the 27th day of June, 2007, in Clayton County, Georgia, did physically obstruct, prevent, and hinder another person, to wit: [E. B.] from making a "911" telephone call to a law enforcement agency to request police protection and report the commission of a crime.

It is thus clear that the state's accusation omitted the statutory language setting forth the requisite intent, a material element of the offense. See *Izzo v. State*, 265 Ga. App. 143, 145 (3) (592 SE2d 915) (2004). Where intent is material, it must be alleged in the indictment. *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (1995). Though admittedly a close question, the state's failure to allege the requisite intent in the case sub judice rendered the accusation void.

It is true that in several cases we have held that the failure to allege intent is not fatal where the accusation or indictment employs language that necessarily raises an inference that the requisite criminal intent existed. See *Beals v. State*, 288 Ga. App. 815, 816 (1) (655 SE2d 687) (2007) (failure to expressly allege intent to commit a theft in armed robbery count did not void count where the requisite intent was necessarily inferred from the language of the allegations when read as a whole); *Hammock v. State*, 201 Ga. App. 614, 615-616 (1) (b) (411 SE2d 743) (1991) (failure to expressly allege criminal intent of child molestation did not void count when the allegations otherwise employed language raising an inference that the criminal intent existed). But in this case, the requisite intent "to cause or

allow *physical* harm or injury to another *person*" cannot necessarily be inferred from the circumstances surrounding the placement of a 911 emergency call. A 911 emergency call may involve a request for protection of property or the report of a property crime. And, if no personal physical harm or injury is involved, a defendant's act of obstructing or hindering a 911 call is not a crime under the statute.

"If all the facts which the [accusation] charges can be admitted, and still the accused be innocent, the [accusation] is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the [accusation] is good." (Citation and punctuation omitted.) *Lowe*, 276 Ga. at 539-540 (2). Here, Harris could admit all the allegations of the accusation in this case and be innocent of any crime.

The state nevertheless argues that the requisite intent to cause or allow physical harm or injury to another person can be inferred based on other counts of the accusation which allege family violence battery. However, our Supreme Court has held that "each count set forth in an [accusation] must be wholly complete within itself, and plainly, fully, and distinctly set out the crime charged in that count." (Footnote omitted.) *Smith*, 266 Ga. at 55 (1). "Allegations set forth in one count of an [accusation] cannot be imputed to a separate count, absent specific reference to the allegation sought to be imputed." (Footnote omitted.) Id. at 56 (3). Here, the allegations of the obstruction charge did not specifically reference the other counts of the accusation. Nor does the obstruction offense involve a predicate or compound offense to which it directly relates as a matter of law.[2] As such, the sufficiency of the obstruction charge of the accusation must be based solely upon its own distinct allegations. As stated above, the allegations were not sufficient to establish the necessary elements of the offense as a result of the state's failure to allege the necessary element of intent.

Consequently, the trial court's decision granting Harris's motion in arrest of judgment was proper.[3]

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

---

[2] "[A]n indictment which omits an essential element of the predicate offense in a count charging a *compound offense* can nonetheless satisfy the requirements of due process as long as the indictment charges the predicate offense completely in a separate count." (Citation and punctuation omitted; emphasis supplied.) *Mikenney v. State*, 277 Ga. 64, 65 (1) (586 SE2d 328) (2003). See OCGA §§ 16-5-1 (c) (felony murder); 16-11-106 (possession of firearm or knife during commission of, or attempt to commit, certain crimes); 40-6-393 (homicide by vehicle).

[3] We note that

[t]he general rule is that the retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency. A defendant who procures the setting aside of a judgment against him generally may be tried anew upon another indictment, for the same offense of which he had been convicted.

DECIDED JUNE 25, 2008.

*Leslie Miller-Terry, Solicitor-General, Janet Smith-Taylor, Assistant Solicitor-General*, for appellant.
*Lister & Holt, Ardra L. Coleman*, for appellee.

(Citations and punctuation omitted.) *Langlands v. State*, 282 Ga. 103, 105 (2) (646 SE2d 253) (2007). See also *Godfrey v. State*, 248 Ga. 616, 618 (1) (284 SE2d 422) (1981).